The opinion of the court was delivered on the 15th of July, by the Chief Justice.
 

 McKean, Chief Justice.
 

 The defendant was indicted for “maliciously,
 
 *355
 
 wilfully and wickedly killing a horse ;” and being convicted by the jury, it has been urged, in arrest of judgment, that this offence was not of an indictable nature.
 

 It is true, that on the examination of the cases, we have not found the line accurately drawn ; but it seems to be agreed, that whatever amounts to a public wrong may be made the subject of an
 
 indictment.
 

 (a)
 

 The poisoning of chickens ; .cheating with false dice; fraudulently tearing a promissory note, and many other offences of a similar description, have heretofore been indicted in Pennsylvania ; and 12 Mod. 337, furnishes the case of an indictment for killing a dog — an animal of far less value than a horse. Breaking windows, by throwing stones at them, though a sufficient number of persons were not engaged to render it a riot; and the embezzlement of public moneys, have, likewise, in this state been deemed public wrongs,, for which the private sufferer was not alone entitled to redress ; and unless, indeed, an indictment would lie, there are some very heinous offences, which might be perpetrated with absolute impunity; since the rules of evidence, in a civil suit, exclude the testimony of the party injured, though the nature of the transaction generally makes it impossible to produce any other proof.
 

 For these reasons, therefore, and for many others which it is unnecessary to recapitulate, as we entertain no doubt upon the subject, we think, the indictment will lie.
 

 Let judgment be entered for the Commonwealth.
 
 (b)
 

 (a)
 

 s. p. Commonwealth v. Eckert, 2 Bro. 251, where it was held, that an indictment would lie, for unlawfully and maliciously “deadening and destroying” a tree, standing on public ground.
 

 (b)
 

 See Respublica
 
 v.
 
 Sweers,
 
 ante,
 
 p. 11.