## Campbell *versus* The Commonwealth.

1. Maliciously disturbing a meeting of school directors is indictable at common law.

2. It is too late to make objections to the form of an indictment in the Supreme Court.

October 28th 1868.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Quarter Sessions of *Westmoreland county:* No. 145, to October Term 1867.

An indictment was found May 15th 1867, in the Court of Quarter Sessions of Westmoreland county, against John Campbell and others.   The 2d count charged that they " did wilfully and maliciously disturb and interrupt a certain meeting of the school directors of St. Clair township, in said county; they, the said school directors, being then and there lawfully assembled for the purpose of discharging their duty as school directors for the said township of St. Clair, to the evil example of all others in like cases offending, contrary to the form of the Act of Assembly, in such case made and provided, and against the peace and dignity of the Commonwealth," &c.

The jury found the defendants guilty on the 2d count.   The defendants moved to quash the 2d count on the ground that it contained no criminal charge, they also moved in arrest of judgment—

1. Because the 2d count in the indictment on which some of the defendants were found guilty contains no criminal charge.

2. Because the offence charged in the 2d count of the indictment is not an indictable offence either under the statute law of Pennsylvania or at common law.

The motion was overruled and the defendants were sentenced. They took out a writ of error, and assigned for error the overruling the motion in arrest of judgment, passing sentence on the defendants, and not quashing the 2d count of the indictment.

*J. A. Hunter* and *H. P. Laird*, for plaintiffs in error, referred to Act of March 31st 1860 (Crimes), § 31, Pamph. L. 391, Purd. 222, pl. 33; 4 Bl. Com. 54; 2 Chitty Cr. Law 24 and note 34; Whart. Am. Cr. Law, §§ 366, 2362; Hunter *v.* Commonwealth, 2 S. & R. 297.

*A. A. Stewart* (with whom was *J. Todd*, District-Attorney), for Commonwealth, cited Commonwealth *v.* Burkhart, 11 Harris 521; Act of March 31st 1860 (Crim. Procedure), § 11, Pamph. L. 432, Purd. 251, pl. 11; Commonwealth *v.* Fry, 14 Wright 245.

The opinion of the court was delivered, November 16th 1868, by

[Campbell *v.* Commonwealth.]

READ, J.—The 2d count of the indictment charges that the defendants did wilfully and maliciously disturb and interrupt a certain meeting of the school directors of St. Clair township, in said county, they, the said school directors, being then and there lawfully assembled for the purpose of discharging their duty as school directors for the said township of St. Clair; and the question is, whether the offence so charged is a misdemeanor at common law.

"The only remaining breach of public order and tranquillity," says Mr. Bishop in his Commentaries on the Criminal Law, vol. 1, § 982, "to be here pointed out is the disturbance of public meetings. Where people rightfully assemble for worship, or assemble in their township meetings and the like, and probably in all cases where they come together in an orderly way for a lawful object; those who unlawfully interrupt them are indictable at the common law. It has been said that in England the statutes which were there passed were necessary to protect dissenters on account of an assembling of them not being lawful, while it is equally admitted that in this country where all forms of worship are favored they are not required."

In Respublica *v.* Teischer, 1 Dall. 338, Chief Justice McKean says: "But it seems to be agreed that whatever amounts to a *public wrong* may be made the subject of an indictment."

Here these school directors were lawfully assembled, and in discharge of duties of great importance to the public, and to disturb and interrupt them is an act injurious to the public and a public wrong, and of course indictable at common law, although not punished by any Act of Assembly.

The objections to the form of the indictment, if there was anything in them, came too late.

The court were therefore right in sentencing the defendants.

Judgment affirmed.

THOMPSON, C. J., dissented.