BERNARD GUNN v. H. W. BOWERS.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued April 1, 1889—Decided May 27, 1889.

[To be reported.]

1. Notwithstanding the lodgment of a writ of error with the prothonotary, and whether the record is in fact made up and transmitted, or as yet only constructively removed, it is still within the reach of the court below, until return day, for the correction of clerical or unquestionable errors.

2. The mistakes, either of law or fact, for which an award made in a submission under the act of June 16, 1836, P. L. 717, may be referred back to the same referees, under § 7, of the act, are such plain mistakes as will be obvious to the referees themselves, the moment they are pointed out to them.

3. They must not involve a review of the case by the referees, on its merits, or on a different estimate of the weight of the evidence: the new consideration is not to be a re-consideration upon any substantial matter upon which the referees have already passed their judgments.

4. On the hearing of exceptions to an award, made under said act, the court has no power to make a new or different award, based upon a different view of the law or the facts, but only such power as the court has over a verdict, to sustain it or set it aside, as a whole.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 132 January Term 1889, Sup. Ct.; court below, No. 148 March Term 1887, C. P. No. 3.

On February 28, 1887, Bernard Gunn brought assumpsit against Holdsworth W. Bowers, to recover a balance due for bricks sold and delivered.. Issue.

On December 1, 1887, the parties filed an agreement: "that

the above case, and all matters in controversy thereunder, be referred to William Grew, Esq., as arbitrator under the act of assembly approved the sixteenth day of June, 1836; and it is further agreed that the said arbitrator shall have the right to decide upon both questions of law and fact, subject, however, to the right of appeal, exception, etc., as provided by the said act as to matters of fact. This agreement is hereby made a rule of court."

On June 9, 1888, the referee filed a report, awarding in favor of plaintiff the sum of $287.77, with interest from October 1, 1886. On June 14th, the defendant filed exceptions to the referee's report, which exceptions on September 22, 1888, were dismissed by the court, and judgment entered on the award.

On September 26, 1888, the exceptions were reinstated and re-argument on them ordered. On October 13th, the exceptions were sustained, and judgment entered in favor of the defendant for $129.91.

On October 31, 1888, the plaintiff filed an application for a re-hearing upon the exceptions to the referee's report. On November 10th, a re-argument was refused.*

On November 26, 1888, the plaintiff took this writ assigning as error the order of October 13, 1888, entering judgment " in favor of the defendant and against the plaintiff for $112.96, with interest from October 1, 1886, to wit, $16.95; total, $129.91." †

Subsequently, on December 7, 1888, the court made the following order:

" And now, December 7, 1888, it appearing that the decree entered on the 13th day of October, A. D. 1888, after argument of the exceptions filed to the award of the referee, ordering judgment to be entered in favor of defendant and against plaintiff in the sum of $129.91, was improvidently entered, as to the form of the finding of the court, it is now ordered that

---

\* Observe : That neither the exceptions filed to the referee's report, nor the reasons for their dismissal, nor the grounds upon which they were reinstated, sustained, and judgment entered for defendant, nor the reasons why the motion of the plaintiff for a re-argument upon them was refused. were presented in the paper books.

† Doubtless an assignment of error was made to this order, on the argument at bar.

said judgment be stricken off; and it is further ordered and decreed that the second exception of defendant to said award is sustained, it plainly appearing to the court that defendant has overpaid said plaintiff to the amount of $112.96, and the said award is directed to be returned to said William Grew, arbitrator, for amendment and correction in accordance herewith."

*Mr. De Forrest Ballou*, for the plaintiff in error:

1. This case, after issue joined, was referred by agreement of the parties to a referee, under the provisions of the act of June 16, 1836, P. L. 717, providing for voluntary arbitration. The reference was in effect the substitution of an arbitrator for a jury, to determine the facts in controversy between the parties. His finding is not a judgment, and cannot be one under the act, until it has been approved by the court and entered upon the record, and it shall then have the same effect, and shall be deemed and taken to be as available in law as the verdict of a jury.

2. The fourth section of said act provides that exceptions may be filed by either party to the finding of the arbitrator; under which, the practice seems to be that in case they are not sustained, the court will order that they be dismissed and judgment be entered on the award in favor of the party for whom the arbitrator found the facts; and if the exceptions are sustained, the award falls and the parties are left in the same position as they would be in case of the granting of a new trial in an action tried before a jury, and thereafter must proceed therein according to the usual course prescribed by law for the trial of causes.

3. The arbitrator's only duty is to ascertain the facts and report the finding of such facts to the court. In this case the arbitrator found that, as a matter of fact, there was due the plaintiff the sum of $287.77, to which the defendant excepted, contending that as a matter of fact there was due him the sum of $129.91. The court, upon argument before them, undertook to say that as a matter of fact the defendants were right, and corrected the award and ordered judgment to be entered in favor of the defendant, for said sum of $129.91. No question of law arose; the only question was one of fact, and that,

the statement of an account, and no questions of law arose as to the allowance of any item making up said account.

4. The court has no power to alter an award, even if illegal on its face : Post v. Sweet, 8 S. & R. 391. But if substantially defective it should be set aside : Etter v. Edwards, 4 W. 63 ; in which event the case is in the same position as all other causes at issue ready for trial, and must be proceeded therein in like manner : Coleman v. Lukens, 3 W. & S. 45. It is therefore contended, that the court below exceeded its powers when, in addition to the sustaining of the exceptions, it ordered that judgment be entered in favor of the defendant for the sum of $129.91, that being a question, so far as the case presented itself to the court, purely of fact, which can only be determined by a jury, or arbitrators agreed upon between the parties.

*Mr. Frank S. Christian*, for the defendant in error, filed no brief.

OPINION, MR. JUSTICE MITCHELL :

The parties referred this cause to an arbitrator under the act of 1836, and after hearing, he reported in favor of plaintiff for $287.77, with interest from October 1, 1886. To this report the defendant filed exceptions, which after argument were dismissed, and judgment entered on the award for plaintiff. Four days later, but still in the same term, the court on motion reinstated the exceptions, ordered a re-argument, and upon the re-argument sustained one of them, and entered judgment for the defendant for $129.91. To this judgment the present writ of error was taken, and was lodged in the court below on November 26, 1888. Afterwards, on December 7th, the court made the following order : " And now December 7, 1888, it appearing that the decree entered on the 13th day of October, A. D. 1888, after argument of the exceptions filed to the award of the referee, ordering judgment to be entered in favor of defendant and against plaintiff in the sum of $129.91, was improvidently entered, as to the form of the finding of the court, it is now ordered that said judgment be stricken off ; and it is further ordered and decreed, that the second exception of defendant to said award is sustained, it plainly appearing to the

court that defendant has overpaid said plaintiff to the amount of $112.96, and the said award is directed to be returned to said William Grew, arbitrator, for amendment and correction in accordance herewith."

Both the judgment for defendant, and the subsequent order referring the case back to the arbitrator with orders how to find, are assigned for error.

As to the first, there is no difficulty. The court having inadvertently made an erroneous order, had a right to correct it, notwithstanding the lodgment of the writ of error with its prothonotary. The return day of the writ of error had not yet arrived, and whether the record was in fact made up and transmitted to this court, or as yet only constructively removed, it was still within the reach of the court for the correction of clerical or manifest errors. Even had the return day passed and the record been in the actual custody of this court, it is doubtful if the plaintiff in error could be heard to complain of the court below for doing, even thus irregularly, what he was himself here asking us to do.

So far therefore as concerns the first assignment of error, the entry of the judgment for defendant, it has been cured, and needs no further remedy.

But the plaintiff complains that in curing one error, thus inadvertently made, the court has fallen into another equally injurious to him, by directing the arbitrator to find for the defendant in accordance with its opinion filed. This assignment must be sustained. By the agreement of reference, the parties submitted their cause to the judgment not of the court but of the arbitrator, and by the express language of the act of 1836 the finding of the arbitrator is made equivalent to the verdict of a jury. By section third of the act the submission may be confined to matters of fact, reserving matters of law for the decision of the court, and in such case the finding has only the attributes of a special verdict. But a general submission under the other sections of the act, includes both law and fact, and a finding under such a submission is equivalent to a general verdict. By section four the award is subject to exception " for either of the following causes, and for no other," viz.: (1) misbehavior of the arbitrator; (2) plain mistake of fact or law; or (3) corruption or undue means in procuring it. The

second of these is the only one with which we are concerned now, and as to it the uniform construction from Williams v. Craig, 1 Dall. 338, down, has been that it gives the court no power to make a new or different award, based on a different view of the law or the facts, thus substituting the judgment of the court for that of the chosen arbitrator, but only such power as the court has over a verdict, to sustain it or set it aside as a whole.

In Williams v. Craig, one of the exceptions was to the allowance of interest on an unsettled account, and in reference to it McKEAN, C. J., said : " The referees have mistaken a clear point of law, which would alone be sufficient for setting aside this report." Nothing could have been easier than to correct the award by striking out the interest, but no such suggestion was made, nor do court or counsel appear to have thought any other course possible than to set aside the whole award. Nor have I found any subsequent case in which the award has been either amended or referred back to the arbitrator for correction upon any matter of substance. In Shaw v. Pearce, 4 Binn. 485, the award was held bad because the referees had delegated part of their work to accountants whom they had found it necessary to employ, and counsel moved to refer it back, upon the general grounds of equity, to save the entire loss and expense of so many meetings of the referees, and so much labor of the accountants. But the court held that this could not be done except by consent. "Where there is mere informality in the report," says TILGHMAN, C. J., "the court may send it back without consent. But where the award is set aside in consequence of a material error on the part of the referees, consent of both parties is essential to induce the court to grant such a motion." And see Etter v. Edwards, 4 W. 65. These cases arose before the passage of the act of 1836, the seventh section of which expressly permits the court, if it shall appear that the referees have made a mistake, to refer the cause back to them, " for such further or other proceedings therein as shall be expedient." But this section has been held to be declaratory only of what was the law previously, under the act of 1705, and the mistakes either of law or fact, for which the award may be referred back, are such plain mistakes as will be obvious to the referees themselves the mo-

ment they are pointed out, and do not include a review of the case on its merits, or a different estimate of the weight of the evidence. The decision is still to remain the decision of the arbitrators, and the new consideration is not to be a reconsideration of any substantial matter upon which they have already closed their judgments. "Having then a proper respect for the principles of the common law, it would seem that the mistake spoken of in the clause of the section under consideration, ought to be construed to mean a plain mistake, such as becomes at once perfectly obvious to every one, immediately upon its being pointed out or mentioned, so that there can be no diversity of opinion in regard to it; as for instance, a mistake in adding up the items of an account, or placing inadvertently a debit on the credit or a credit on the debit side of the account, . . . . . or in short, any mistake of a mere clerical nature :" Coleman v. Lukens, 3 W. & S. 43. "That was not a case of plain mistake, but an award contrary to the terms of the submission. To send it back was the equivalent of sending back the entire subject matter of controversy to be retried. This was not authorized by the seventh section of the act of June 16, 1836 :" THOMPSON, C. J., in Kidd v. Emmett, 72 Pa. 151.

It thus appears settled that the court cannot alter the award itself, nor direct the arbitrator to alter it, even under the act of 1836, section 7, except as to clerical, or manifest and unquestionable mistake. It may be a subject of regret that the court should not have the same power of revision that it has over the report of a master in equity, for much of the work of the arbitrator may be well and rightly done, and with correction would save the time, expense and vexation of another trial; but so we find the law written, and so we must administer it. As the action of the court, in the present case, inadvertently transgressed the limits thus set, it was erroneous.

> Judgment reversed, and record remitted for further proceedings.