Charles H. Reynolds, Executor of the Will of A. H. Reynolds, Appellant, v. Alfred Creveling, George W. Miles and Henry Levis, Copartners now or late trading as Creveling, Miles & Co., Limited.

*Reference—Conclusiveness of award—Act of June 16, 1836.*

The act of June 16, 1836, P. L. 717, relating to reference and arbitration, gives the court no power to make a new or different award, based on a view of the law or the facts different from that of the arbitrators or referee, thus substituting the judgment of the court for that of the chosen arbitrator, but only such power as the court has over a verdict, to sustain it or set it aside as a whole.

In the absence of any clerical or manifest and unquestionable mistake, the court has no power to cut down the amount of an award of arbitrators or referee appointed under the provisions of the act of June 16, 1836.

Argued March 25, 1896.    Appeal, No. 32, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1889, No. 33, reducing the amount of award of referee.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.    Reversed.

Exceptions to report of referee.

The suit was to recover $21,911.23 for coal sold defendants from March, 1883, to April, 1884, with interest, and $3,500, the amount of a promissory note of the Glendower Iron Works Company given in 1888, and indorsed by defendants.    The case was referred to Mayer Sulzberger, Esq., as referee, under the

act of June 16, 1836, P. L. 717, who awarded judgment against the defendants in the sum of $18,106.26.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in reducing amount of award and not confirming report of referee.

*John Marshall Gest* and *Richard C. Dale*, with them *Edmund G. Butler*, for appellant.—The learned court erred in attempting to correct or modify the report of the referee on the question of damages: Act of June 16, 1836, P. L. 717; Large v. Passmore, 5 S. & R. 51; Riley v. Hirst, 1 Phila. 146; Rex v. Ins. Co., 2 Phila. 357; Bond v. Oeden, 4 Yeates, 243; Mackie v. Pleasants, 2 Binn. 370; Betz v. Delbert, 16 W. N. C. 360; Buckwalter v. Russell, 119 Pa. 495; Liverpool Ins. Co. v. Goehring, 99 Pa. 13; Speer v. Bidwell, 44 Pa. 23; Govett v. Reed, 4 Yeates, 456; Gross v. Zorger, 3 Yeates, 521; Romano v. Robertson, 3 Yeates, 584; Warder v. Parker, 2 Yeates, 513; Wikoff v. Coxe, 1 Yeates, 353; Gunn v. Bowers, 126 Pa. 552; Williams v. Craig, 1 Dall. 313.

The cases show that an express agreement is necessary for notes to be considered as payment: Henter v. Moul, 98 Pa. 13; Eby v. Hoopes, 10 W. N. C. 315; League v. Waring, 85 Pa. 244; Holmes v. Briggs, 131 Pa. 233.

*John G. Johnson*, with him *George Frederick Keene* and *Charles C. Lister*, for appellees.—It is hardly necessary to waste time in a discussion of the circumstances under which this court will deal with the report of a referee. It is conceded that it will set the same aside for a plain mistake of fact. It is unnecessary for us to contend for any other principle, because, as we believe, a plain and easily demonstrable mistake was made. We have in our favor the opinion of the court below, rendered after very elaborate argument, sustaining our view.

OPINION BY Mr. CHIEF JUSTICE STERRETT, October 5, 1896:

Plaintiff's contention, that the court below erred in reducing the amount ascertained and awarded to him by the learned referee, appears to be well grounded.

The reference was under the provisions of the act of June 16, 1836, according to which the report of the referee is final and

conclusive except as to clerical or manifest and unquestionable mistake, so obvious as to be plain to the referee at once on being pointed out. It is of no consequence that another referee or the judge reviewing the award might have reached a different conclusion. The decision, as corrected, must still stand as the award of the original referee. These well settled principles do not appear to be seriously questioned by the defendants : Gunn v. Bowers, 126 Pa. 552.

The only part of plaintiff's claim involved in this appeal is that for coal sold and delivered. As to that, the learned referee found as a fact that "the plaintiff Reynolds delivered the coal, as claimed, to Creveling, Miles & Co., Limited, at the times and for the prices named." The effect of this finding would be an award in favor of plaintiff for the amount of the claim, unless it was satisfactorily shown that the same was partially or wholly paid. It was alleged that payment had been made by notes of the Glendower Iron Works, accepted by plaintiff in full satisfaction of his claim against defendants ; but the referee reported that "there was no sufficient evidence to satisfy him that these notes were accepted as payment by Reynolds. On the contrary, the weight of the evidence is the other way."

Plaintiff's claim was for $21,911.23, and interest. The referee awarded him only $11,540 thereof with interest. This was the amount of a judgment note given by defendants on June 5, 1885, which, as appears from plaintiff's ledger, was in effect a settlement of accounts between them. The accounts appear to have been carelessly kept and the referee reported that it was difficult to state precisely how the account stood. In this he is clearly sustained by the record.

We think the learned judge of the common pleas erred in construing the finding of the referee as an award for the amount of an account stated by the parties and in striking out items of which the statement referred to is in part composed. The sale and delivery of the coal in question was proved by defendants' books. That made a clear prima facie case for the plaintiff. The admission, appearing by plaintiff's ledger account, of the balance found by the referee, was a matter for his consideration ; and neither the court below, nor this court, can with any propriety undertake to revise his conclusion in that regard. Whether we should have concurred with the

learned referee as to the value of the expert testimony submitted to him, or have reached the same conclusions that he did, are not matters upon which it is necessary for us to express any opinion. It is sufficient to say that we find nothing in the record to justify the court below in reducing the amount ascertained and awarded to the plaintiff by the referee. We are not convinced that there is any such mistake in the referee's conclusions as warranted the interference of the court below; on the contrary, we think the conclusions of the learned referee are substantially correct.

As was said in Gunn v. Bowers, supra, the uniform construction of the act "has been, that it gives the court no power to make a new or different award based on a different view of the law or the facts, thus substituting the judgment of the court for that of the chosen arbitrator, but only such power as the court has over a verdict to sustain it or set it aside as a whole."

The assignments of error are sustained, the judgment of the court below is reversed and judgment is now entered on the report of the referee in favor of plaintiff and against the defendants for $18,106.26 with interest from January 3, 1895.