## Klipstein, Appellant, *v.* Whitesides (No. 1).

*Arbitration—Referee—Findings—Review—Replevin.*

The mistakes, either of law or fact, for which an award made in a submission under the Act of June 16, 1836, P. L. 717, may be referred back to the same referees, under sec. 7 of the act, are such plain mistakes as would be obvious to the referees themselves the moment they are pointed out to them.

Where such plain mistakes are not pointed out to the appellate court, it will not reverse a judgment of the common pleas affirming the report of a referee.

Argued Oct. 17, 1905. Appeal, No. 79, Oct. T., 1905, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T , 1895, No. 1093, dismissing exceptions to referee's report in case of A. Klipstein v. Warren H. Whitesides, trading as Warren H. Whitesides & Company, Merchandise Storage and the Equitable Trust Company, Receiver of the Keen-Sutterle. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of referee.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to report of referee.

*Joseph de F. Junkin,* for appellant.

*George L. Crawford,* of *Crawford & Loughlin,* for appellee.

OPINION BY MORRISON, J., January 13, 1906:

This is an appeal by the plaintiff from the final judgment of the court below in an action of replevin where the goods were replevied by the sheriff and delivered to the plaintiff and, after issue joined, the case was referred to a referee under the Act of June 16, 1836, P. L. 717. Section 7 of this act reads: " If upon exceptions filed to any award it shall appear to the court that the referees have made a mistake, in fact or law, it shall be lawful for such court to refer the cause back to the same referees, for such further or other proceedings therein as shall be expedient."

The learned referee having heard the testimony, found the facts and his conclusions of law, and directed judgment for a portion of the goods in favor of the plaintiff, and for the value of the residue directed judgment in favor of the defendants, for the reason that the plaintiff failed to show title to all of the goods replevied, and the learned court below having dismissed the exceptions to this report and entered final judgment thereon, this court can only disturb the judgment in case we are satisfied of a plain mistake, either of fact or law, or of both.

In Gunn v. Bowers, 126 Pa. 552, it was held as stated in the syllabus : " The mistakes, either of law or fact, for which an award made in a submission under the Act of June 16, 1836, P. L. 717, may be referred back to the same referees, under sec. 7 of the act, are such plain mistakes as would be obvious to the referees themselves the moment they are pointed out to them." See also Reynolds, Appellant, v. Creveling, Miles & Co., 177 Pa. 267.

A painstaking examination of the evidence, the findings of fact and conclusions of law, submitted by the learned referee, does not convince us of any such plain mistake by the referee as calls for a reversal of the judgment and the setting aside of the report. The burden rested upon the plaintiff to show title to the goods replevied, and it is not at all clear that title was shown in the plaintiff to the portion of the goods for the value of which the referee directed judgment in favor of the defendants. At most, there was a vigorous dispute and contention between the parties in regard to the title to a portion of the property. And we think the finding of the learned referee is not without support from the evidence. It may be that he might have found in favor of the plaintiff for all of the goods, but it is not at all clear that he ought to have so found. The parties saw fit to waive a jury trial and submit the facts in dispute to a referee, and it is a familiar rule of law that his report is entitled to the same weight as the verdict of a jury. If his findings of fact are correct, there can be no question as to the correctness of his conclusions of law. We are not convinced that this case ought to be tried over again.

The appeal is dismissed and the judgment is affirmed.