Treat and Flower v. Liddell.

---

JOHN TREAT AND SAMUEL FLOWER, (ADMINISTRATOR OF EDWARD CARPENTER, DECEASED,) v. JOHN K. LIDDELL, AND MARY, HIS WIFE.

Where T. and C. executed a joint lease to L., of certain premises, and it was specified in the lease that $20 rent should be paid to T. and $20 to C.—and on breach of the terms of the lease on the part of the lessee, T. and C., the lessors, brought a joint suit to recover restitution of the premises, and damages for their detention:  *Held*, that there was no misjoinder of parties plaintiff.

By failing to pay rent when demanded, the contract under the lease was determined, and the possession of the defendants was from that time tortious.

APPEAL from the County Court of the County of San Francisco

This was an action of unlawful detainer, to recover possession of leased premises, and for damages for their detention.

The premises were leased by the plaintiffs to the defendant John K. Liddell, at $40 per month—$20 payable to plaintiff Treat, and $20 payable to Edward Carpenter, since deceased.

The action was originally commenced in a Justice's Court, where defendants had judgment.  Plaintiffs appealed to the County Court, where the cause was tried by the intervention of a jury, who returned a verdict for the plaintiff, and $40 per month from the first of February, 1856, and judgment was entered thereon for restitution of the premises, and for damages, from which judgment the defendants appealed to this Court.

*M. T. O'Connor* for Appellants.

*Samuel H. Brodie* for Respondents.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

There is no misjoinder of parties plaintiff; the action does not arise upon contract, but in tort.   By failing to pay rent when demanded, the contract under the lease was determined, and the possession of the defendants was, from that time, tortious.

The question of title to the property does not arise ; the lease is evidence, not of title in the plaintiff, but of the fact of actual possession prior to defendants' entry, and of the fact that defendants acquired possession under them.

The verdict and evidence are conclusive that the judgment recovered by Noe against defendants was collusive, and was suffered with intent to defraud plaintiff.   It was, therefore, void as to them.   (See section 20 of the Statutes of Frauds, Wood's Digest, 107.)

There being no error in the record, judgment is affirmed.