An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CROWLEY, ESQ.,
INDIVIDUALLY AND D/B/A
AMERICAN LEGAL SERVICES,
Appellants,
vs.
SENICIA BURKE, INDIVIDUALLY,
Respondent.

No. 62203

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a judgment pursuant to a jury verdict in a legal malpractice action and from post-judgment orders awarding attorney fees and costs and denying a new trial. Tenth Judicial District Court, Churchill County; Robert E. Estes, Sr. Judge.

Respondent Senicia Burke hired appellants Martin Crowley and American Legal Services (ALS) to secure the adoption of her son from a previous relationship by her then-husband. Burke paid $650 to Crowley and ALS for this legal representation. After Crowley and ALS failed to communicate with her, Burke fired them. She then initiated a Nevada State Bar fee dispute arbitration at which she was awarded $650. Crowley and ALS refused to pay the arbitrator's award.

Burke subsequently filed the present action in district court, alleging claims for legal malpractice. After Crowley and ALS filed motions to dismiss for lack of jurisdiction and for summary judgment, the district court entered an order finding that it had jurisdiction because the amount in controversy was greater than $10,000. In this order, the district court dismissed Burke's emotional distress cause of action but refused to dismiss her claim for attorney fees as consequential damages.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29287

After a three-day jury trial at which the district court permitted Burke to present evidence of the attorney fees that she incurred and of her emotional distress, the jury awarded damages to Burke for multiple types of harm, including emotional distress and incurred attorney fees. The district court then denied Crowley and ALS's motion for judgment as a matter of law. The district court awarded costs to Burke and granted her motion for a judgment debtor's examination of Crowley and ALS but later vacated the examination.

Crowley and ALS now appeal and raise the following issues: (1) whether the district court erred by refusing to grant Crowley and ALS's motion to dismiss Burke's claims for lack of subject matter jurisdiction, (2) whether the district court erred by denying Crowley and ALS's renewed motion for judgment as a matter of law regarding the award of attorney fees as consequential damages and emotional distress damages, (3) whether the district court abused its discretion when making evidentiary rulings, (4) whether the district court abused its discretion by refusing to give Crowley and ALS's proposed jury instructions, (5) whether the district court abused its discretion by improperly limiting Crowley's closing argument, (6) whether Burke's attorney committed misconduct during closing argument, and (7) whether the district court abused its discretion when making a post-judgment award of costs and ordering a judgment debtor's examination.[1]

---

[1]Crowley and ALS waived for consideration their appellate arguments that the district court erred by submitting an improper jury verdict form and by refusing to grant judgment as a matter of law on the application of the Nevada State Bar's fee arbitration program rules by not raising these issues before the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Furthermore, Crowley

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

2

*The district court had subject matter jurisdiction over Burke's claims*

Crowley and ALS argue that the district court improperly refused to dismiss Burke's claims because they were worth less than the amount-in-controversy threshold for the district court's jurisdiction.

We review subject matter jurisdiction and a district court's resolution of a motion to dismiss de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) (reviewing subject matter jurisdiction de novo); *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing the resolution of a motion to dismiss de novo).

*Burke alleged sufficient damages to meet the amount-in-controversy threshold for the district court's jurisdiction*

District courts have original jurisdiction in cases where the amount of controversy exceeds $10,000. *See generally* Nev. Const. art. 6, § 6(1); 2013 Nev. Stat., ch. 172, § 2, at 597 (former NRS 4.370(1)(a)-(b)). A claim for damages satisfies the jurisdictional amount in controversy unless "it . . . appear[s] to a legal certainty that the [damages are] worth less than the jurisdictional amount." *Edwards v. Direct Access, LLC*, 121 Nev. 929, 933, 124 P.3d 1158, 1160 (2005) (alteration in original) (internal quotations omitted), *abrogated on other grounds by Buzz Stew*, 124 Nev. at 228 n.6, 181 P.3d at 672 n.6.

---

*...continued*

and ALS make no substantive argument addressing the district court's denial of their motion for dismissal pursuant to NRCP 41(b). Therefore, this issue is non-cogent and we need not address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (refusing to address a non-cogent argument).

In her complaint, Burke stated two claims for legal malpractice against Crowley and ALS. For each claim, she sought compensatory damages in excess of $10,000, attorney fees, and punitive damages. Since Burke did not allege any facts to limit the value of the compensatory damages that she sought, she alleged sufficient compensatory damages to meet the legal certainty test. *See id.* Therefore, the district court properly denied Crowley and ALS's motion to dismiss.[2]

*The district court erred by refusing to grant Crowley and ALS's renewed motion for judgment as a matter of law with regard to the award of attorney fees as consequential damages but properly denied their motion with regard to emotional distress damages*

Crowley and ALS argue that the district court erred by denying their renewed motion for judgment as a matter of law with regard to Burke's recovery of attorney fees as consequential damages and emotional distress damages because these types of damages are not recoverable in a legal malpractice action.

Burke argues that emotional distress damages and attorney fees incurred when pursuing a legal malpractice claim are recoverable because they are a foreseeable result of the malpractice.

---

[2]To the extent that the district court incorrectly relied on Burke's claims for attorney fees when finding that her complaint satisfied the jurisdictional threshold, *see Royal Ins. v. Eagle Valley Constr., Inc.*, 110 Nev. 119, 120, 867 P.2d 1146, 1147 (1994) (holding that attorney fees and costs incurred in bringing a case cannot be relied upon to satisfy the jurisdictional threshold), its denial of Crowley and ALS's motion to dismiss was proper because it reached the correct result, albeit for the wrong reason. *See Holcomb v. Ga. Pac., LLC*, 128 Nev., Adv. Op. 56, 289 P.3d 188, 200 (2012).

We review de novo the denial of a renewed motion for judgment as a matter of law and a party's eligibility to recover a particular type of damages. *Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc.*, 128 Nev., Adv. Op. 36, 284 P.3d 377, 380 (2012) (reviewing de novo the resolution of a renewed motion for judgment as a matter of law); *Dynalectric Co. of Nev., Inc. v. Clark & Sullivan Constructors, Inc.*, 127 Nev. 480, 483, 255 P.3d 286, 288 (2011) (reviewing de novo a party's eligibility to recover a type of damages).

After a party has presented its case-in-chief, the district court may enter a "judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." NRCP 50(a)(1). This standard applies to renewed motions for judgment as a matter of law. *Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 424 (2007); *see also* NRCP 50(b).

### *The district court erred by denying Crowley and ALS's motion with regard to the award of attorney fees as consequential damages*

Generally, "the district court may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). Burke identifies no statute or rule authorizing her to recover attorney fees as consequential damages in the present case. Nor does the record suggest that she had a contractual right to such damages. Thus, Burke cannot recover attorney fees as consequential damages unless an exception to the general rule applies.

"[A]s an exception to the general rule, attorney fees may be awarded as special damages in limited circumstances." *Liu v. Christopher Homes, LLC*, 130 Nev., Adv. Op. 17, 321 P.3d 875, 878 (2014) (internal

quotations omitted). Here, the record does not suggest that any of the limited circumstances identified in Nevada caselaw apply.[3] *See id.* Therefore, the district court erred by not granting judgment as a matter of law against the award of attorney fees as consequential damages.

*The district court did not err when denying Crowley and ALS's motion regarding the award of emotional distress damages*

Generally, "a claim of negligent infliction of emotional distress is inappropriate in the context of a legal malpractice suit when the harm resulted from pecuniary damages, even if the plaintiffs demonstrated physical symptoms." *Kahn v. Morse & Mowbray*, 121 Nev. 464, 478, 117 P.3d 227, 237 (2005). However, "this court [has] recognized the rule that, in special cases involving peculiarly personal subject matters, mental anguish may be a foreseeable damage resulting from breach of contract." *Selsnick v. Horton*, 96 Nev. 944, 946, 620 P.2d 1256, 1257 (1980); *see also Burrus v. Nev.-Cal.-Or. Ry.*, 38 Nev. 156, 162, 145 P. 926, 929 (1915) (stating that "[r]ecovery for mental suffering should be limited to special cases"). Thus, Nevada law does not preclude the recovery of emotional distress damages for a special case, such as when harm arises from legal malpractice in a highly personal representation advancing a non-pecuniary interest.

---

[3]To the extent that Burke contends that we should adopt a new exception that applies to the facts of the present case, she has failed to provide a compelling reason for us to diverge from established caselaw. *See Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) ("[U]nder the doctrine of *stare decisis*, [this court] will not overturn [precedent] absent compelling reasons for so doing. Mere disagreement does not suffice." (citations omitted)). Thus, this argument is without merit.

Here, the record demonstrates that Burke retained Crowley and ALS for a highly personal representation to achieve a non-pecuniary goal: her then-husband's adoption of her son. Thus, Burke was eligible to recover emotional distress damages in the present case. Therefore, the district court properly denied Crowley and ALS's motion for judgment as a matter of law with regard to this issue.

*The district court did not commit reversible error when making its evidentiary rulings*

Crowley and ALS argue that the district court improperly allowed Burke to present evidence of her emotional distress because it had previously dismissed her emotional distress claim.[4] They also contend that the district court improperly allowed Burke to present evidence of the attorney fees that she incurred. Finally, Crowley and ALS argue that the district court improperly prohibited Crowley from impeaching Burke during cross-examination.

"We review a district court's decision to admit or exclude evidence for abuse of discretion, and we will not interfere with the district court's exercise of its discretion absent a showing of palpable abuse." *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008).

---

[4]Crowley and ALS's related argument that the law of the case doctrine precludes a district court from reversing its prior ruling is without merit because the law of the case doctrine only applies to appellate decisions and not prior district court orders. *See Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010).

 

*The district court did not abuse its discretion by allowing evidence of Burke's emotional distress*

Evidence that has a tendency to make a material fact more or less probable is relevant and generally admissible. NRS 48.015; NRS 48.025(1). "A district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous." *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997).

In its pretrial order, the district court found that Burke failed to state an emotional distress cause of action because she did not allege any physical injury as a symptom of emotional distress. In making this finding, the district court applied the elements of the tort of intentional infliction of emotional distress. It is unclear from the record whether the district court dismissed Burke's demands for emotional distress damages from her legal malpractice claims or dismissed a stand-alone emotional distress claim.

A legal malpractice claim does not require that the elements of intentional infliction of emotional distress be satisfied or that a plaintiff suffer physical symptoms to be eligible to recover for emotional distress. *See Day v. Zubel*, 112 Nev. 972, 976, 922 P.2d 536, 538 (1996) (stating the elements for a legal malpractice claim without identifying intentional infliction of emotional distress or requiring physical symptoms of harm). Thus, the district court applied an erroneous standard of law if its order dismissed Burke's claim for emotional distress damages from her legal malpractice claims. Therefore, if the prior order dismissed claims for emotional distress damages from Burke's legal malpractice claims, the district court properly reconsidered the prior order when it allowed evidence of emotional distress damages.

If the prior order dismissed a stand-alone emotional distress claim and not emotional distress damages from Burke's legal malpractice claims, then evidence of her emotional distress would have remained relevant to the damage elements of her legal malpractice claims and thus admissible. Therefore, the district court did not abuse its discretion by admitting evidence of Burke's emotional distress that was relevant to her properly reinstated claim.

*The district court abused its discretion by admitting evidence of the attorney fees that Burke incurred*

Attorney fees are not recoverable as consequential damages in the present case because they are not authorized as such by statute, rule, contract, or caselaw. *See Liu*, 130 Nev., Adv. Op. 17, 321 P.3d at 878; *Albios*, 122 Nev. at 417, 132 P.3d at 1028. Thus, evidence that is only relevant to the issue of the attorney fees that Burke incurred in pursuing her legal malpractice claim is irrelevant and thus inadmissible. *See* NRS 48.015; NRS 48.025(2). Therefore, the district court abused its discretion by admitting this evidence.

To demonstrate that an error is not harmless and warrants reversal, a party "must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached." *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010); *see also* NRCP 61. Here, Crowley and ALS fail to show that the admission of this inadmissible evidence amounted to more than harmless error because they provide no analysis to suggest that this evidence impacted any valid claim, defense, or recoverable element of damages. Therefore, the improper admission of this evidence was harmless error and does not warrant reversal.

*The district court did not abuse its discretion by limiting Crowley's cross-examination of Burke*

Before a witness may be impeached with prior inconsistent statements, "a foundation must be laid by interrogating the witness himself as to whether he has ever made such statements." *Mattox v. United States*, 156 U.S. 237, 245 (1895), *quoted with approval in Reno Mill & Lumber Co. v. Westerfield*, 26 Nev. 332, 337, 67 P. 961, 962, *rev'd on other grounds*, 26 Nev. 332, 346, 69 P. 899, 900 (1902).

When cross-examining Burke about her prior trial testimony, Crowley attempted to impeach Burke with an inconsistent, but unspecified, comment that *someone* had purportedly made at Burke's deposition. Crowley did not identify the statement or ask Burke if she made it. Thus, Crowley failed to lay a proper foundation for his impeachment of Burke, and the district court did not abuse its discretion by refusing to allow Crowley's cross-examination on this issue.[5]

*The district court did not abuse its discretion by refusing to give Crowley and ALS's proposed jury instructions*

Crowley and ALS argue that the district court improperly refused to give seven of their proposed jury instructions. We review a district court's decision regarding jury instructions for abuse of discretion or judicial error. *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006).

---

[5]To the extent that Crowley and ALS contend that the district court improperly limited the cross-examination of Burke at a bench conference, their argument is without merit because their failure to include a transcript of the bench conference in the appellate record requires us to presume that the district court acted properly. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

 

A jury instruction need not be given where its substance is adequately covered in other instructions. *See S. Pac. Co. v. Watkins*, 83 Nev. 471, 493, 435 P.2d 498, 512 (1967). Here, Crowley and ALS omitted the jury instructions that the district court gave from the appellate record. We must presume that the given jury instructions adequately covered the content of their jury instructions that the district court refused to give. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (observing that "we necessarily presume that the missing portion supports the district court's decision"). Additionally, it is appellant who "bears the responsibility of ensuring an accurate and complete record on appeal." *Id.* at 603, 172 P.3d at 135. Therefore, we conclude that the district court did not abuse its discretion by refusing to give Crowley and ALS's proposed jury instructions.

*The district court did not abuse its discretion by limiting Crowley and ALS's closing argument*

Crowley and ALS argue that the district court improperly prevented Crowley from addressing the application of the bylaws of the Nevada State Bar's fee arbitration program in closing argument.

We review a district court's regulation of closing arguments for an abuse of discretion, *see Manley v. State*, 115 Nev. 114, 125, 979 P.2d 703, 709-10 (1999), and observe that the district court has the authority to prevent an attorney from misstating the applicable law during closing argument. *See Scott v. State*, 92 Nev. 552, 556, 554 P.2d 735, 738 (1976). Here, the district court instructed Crowley not to misstate the applicable law and did not prohibit him from discussing the fee arbitration program's bylaws. Therefore, it did not abuse its discretion.

*Burke's attorney did not commit misconduct in closing argument*

Crowley and ALS argue that Burke's attorney committed misconduct by making multiple improper comments during closing argument. Specifically, Burke's attorney told jurors that "[they] are the voice of the community. Those are my words. I'm going to ask you to do the right thing. It's what you took the oath to do. No more lawyer jokes, you can go downtown now and say, hey look, I told at least one lawyer to clean up." However, they did not object to these comments.

We review de novo "[w]hether an attorney's comments are misconduct" and will only reverse a judgment for unobjected-to misconduct when it constitutes "irreparable and fundamental error . . . that results in a substantial impairment of justice or denial of fundamental rights such that, but for the misconduct, the verdict would have been different." *Lioce v. Cohen*, 124 Nev. 1, 19-20, 174 P.3d 970, 982 (2008). The complaining party has the burden to demonstrate that reversal is warranted. *Id.* at 19, 174 P.3d at 982.

Crowley and ALS offer no meaningful analysis and cite no controlling or persuasive legal authority to support their contention that Burke's attorney's comments amounted to misconduct. Therefore, this issue is non-cogent and we need not address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (refusing to address a non-cogent argument).

*The district court abused its discretion when awarding costs to Burke and scheduling a debtor's examination, but these abuses were harmless error*

Crowley and ALS argue that the district court improperly awarded costs to Burke and ordered a judgment debtor's examination of Crowley and ALS before they had an opportunity to file a motion to retax costs or to oppose the judgment debtor's examination.

We review an award of costs for an abuse of discretion. *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005). Since a judgment debtor's examination is a proceeding upon which a judgment debtor provides information about his or her assets, NRS 21.270(1), it is a discovery issue whose resolution we review for an abuse of discretion. *See Club Vista Fin. Servs., L.L.C. v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). An abuse of discretion can occur when a district court disregards controlling law. *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

*The district court abused its discretion by prematurely awarding costs, but this was harmless error*

A party has three days to file a motion to retax after it has been served with a motion for costs. NRS 18.110(4). Before the time expired for Crowley and ALS to file their motion to retax costs, the district court awarded costs to Burke. However, the district court revised its award of costs after Crowley and ALS filed their motion.

Since it awarded costs to Burke before Crowley and ALS's time to respond had expired, the district court abused its discretion by disregarding NRS 18.110(4). However, this was harmless error because the district court reduced its award in response to Crowley and ALS's subsequent motion to retax costs. *See* NRCP 61.

*The district court abused its discretion by ordering a judgment debtor's examination, but this was harmless error*

Except as otherwise provided for by court rules, a party in the Tenth Judicial District Court has ten days after being served with a motion to file an opposition. 10 JDCR 15(9). Here, the district court issued an order scheduling a judgment debtor's examination less than ten days after Burke served a copy of the motion for a judgment debtor's

SUPREME COURT
OF
NEVADA

(O) 1947A

13

examination on Crowley and ALS. Therefore, the district court abused its discretion by granting this motion before Crowley and ALS's time to respond had expired. *See* 10 JDCR 15(9); *see also Bergmann*, 109 Nev. at 674, 856 P.2d at 563. However, this abuse was harmless because the district court vacated its order scheduling the judgment debtor's examination before the examination was held. *See* NRCP 61.

*Conclusion*

The district court properly denied Crowley and ALS's motion to dismiss because it had subject matter jurisdiction over Burke's claims. However, it erred by refusing to grant judgment as a matter of law against the award of attorney fees as consequential damages but properly refused to grant judgment as a matter of law against the award of emotional distress damages. While the district court properly admitted evidence of Burke's emotional distress and limited Crowley's cross-examination of Burke, it abused its discretion by admitting evidence of the attorney fees that Burke incurred. However, this abuse was harmless error.

The district court also properly refused to give Crowley's proposed jury instructions and did not abuse its discretion by instructing Crowley not to make misstatements of law. Burke's attorney did not commit misconduct in closing argument because he did not improperly appeal to the jury's emotions or urge it to ignore the evidence. Finally, the district court abused its discretion by awarding costs to Burke and scheduling a judgment debtor's examination of Crowley and ALS before their time to respond expired. However, these abuses were harmless because the district court subsequently modified its award of costs and vacated the order scheduling the judgment debtor's examination. Thus, the district court's judgment is proper except for the award of attorney

fees as consequential damages, which is unsupported by our governing law.[6] Therefore, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chief Judge, Tenth Judicial District Court
Hon. Robert E. Estes, Senior Judge
Carolyn Worrell, Settlement Judge
American Legal Services
Martin G. Crowley
Bradley Drendel & Jeanney
Churchill County Clerk

---

[6]We have considered the parties' remaining arguments and conclude that they are without merit.