## Ethan H. Rice et al. v. Spencer S. Benedict.

*Report of Referees: Effect of being entirely set aside: New trial.* A Referee's report entirely set aside, leaves the cause as though it had never been tried, and there is left neither evidence nor finding on which the Court can act; but the issue of fact requires a new trial before any judgment can be given.

*Heard January 5th. Decided January 11th.*

Error to Jackson Circuit.

RICE *v.* BENEDICT.

This was an action of debt founded upon a judgment. The case was referred to referees who filed their report. The case was submitted to the court on exceptions, filed by defendant in error. The exceptions were sustained, the report was set aside, and a judgment rendered for plaintiff below.

*Johnson & Higby,* for plaintiff in error.

*Livermore & Wood,* for defendant in error.

*Per Curiam.*

In this case, the suit having been referred under the statute, and the report of the referees having been excepted to, the Circuit Court instead of confirming it in whole or in part, set it aside altogether, and then without any further trial or reference back, gave judgment for plaintiffs for $646.32 damages, with costs.

This was unauthorized by law. As soon as the report was set aside, the case stood in the same predicament as if the verdict of a jury had been vacated, and until a new trial should be had before the Court or a jury or referees, there was nothing left to act upon. A report set aside leaves the cause as if it had never been tried, and there is left neither evidence nor finding; but merely an issue of fact requiring trial before any judgment can be given. Until some competent body has re-tried that issue, the court cannot have any basis for determining which party should prevail, or what amount, if any, was due from one to the other. Every judgment must be based upon some finding, and here there is none whatever remaining in force. The judgment must be reversed, and the cause be remanded for a new trial.