## GUSTAVUS PAPE ET AL.
## v.
## THE PEOPLE, ETC.

1. OFFICIAL BOND—DEFALCATION—SUCCESSIVE TERMS.—Where a county treasurer who had been twice elected to the office and by act of the legislature had his last term extended one year, gave bonds for the three terms, and upon his death a defalcation was discovered, and he had made no official reports showing the state of his accounts at the expiration of any term, in the absence of all proof to the contrary, the law would fix the defalcation in the last term.

2. RE-REFERENCE OF CAUSE.—The power given to the court by section 1, chapter 117, R. S. is a discretionary power with the exercise of which the court will not interfere unless it is clearly shown that it has been abused.

ERROR to the Circuit Court of Randolph county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 15, 1886.

Mr. RALPH E. SPRIGG and Mr. J. J. MORRISON, for plaintiffs in error; as to liability of sureties, cited Mix v. Singleton, 86 Ill. 194; Stern v. People, 96 Ill. 475; Coons v. People, 76 Ill. 383.

Mr. H. CLAY HORNER, Mr. ABRAM G. GORDON and Mr. DON E. DETRICH, for defendants in error ; that in the absence of evidence as to when default occurred it will be presumed to have occurred during last term of office, cited Brandt on Suretyship and Guaranty, § 467 ; Kelly v. State, 25 O. 579 ; Pinkstaff v. People, 59 Ill. 150 ; Kagay v. Trustees, 68 Ill. 76.

WILKIN J.    In the year 1877, John H. Altrogge was elected treasurer of Randolph county.   In 1879 he was re-elected, and by act of the legislature his last term was extended one year.   He gave bonds for the first two regular terms, and in December, 1881, executed the bond sued on for the extended term.

He died May 27, 1882, and R. G. Detrich was appointed

Pape v. The People.

his successor.   He was afterward ordered by the county board of said county to examine the accounts of Altrogge, and report the same.   He afterward made his report, reporting each term separately, and at the March meeting of the board the same was approved.

This report shows that during the first term Altrogge received something over $18,000 more than he paid out.   That during his second term he again received about $28,000 more than he distributed, exclusive of the amount unaccounted for at the end of his first term, and that during the extended term up to the time of his death his credits amounted to about $45,000 more than his receipts—not taking into account the amounts unaccounted for during the previous terms.   These several reports showing a defalcation, and there being different sureties on the three several bonds of Altrogge, suits were brought to the September term, 1884, of the Circuit Court of Randolph county, on each of said bonds.

At that term all of the cases were continued by agreement and referred to R. H. Mann, Esq.   The order of reference is informal but is treated by all parties, and by the court, as a reference under the provisions of the statute.

At the March term, 1885, the referee made his report, and as we understand from the record, reported the testimony taken in all the cases as the evidence in this case.   He found against plaintiffs in error and reported the amount due to be $1,718.12.   Exceptions were filed to this report, and also a motion by plaintiffs in error, to re-refer the case for further evidence.   Both the motion and exceptions were overruled and judgment entered for the amount so reported, and costs.

It is first insisted that the trial court erred in refusing to refer the case back for further evidence.   The power given to the court by section 1, chapter 117, Revised Statutes, page 981, Hurd's edition, 1885, is a discretionary power, with the exercise of which this court will not interfere unless it is clearly shown that it has been abused, and of this there is no proof in the record.   By the exceptions filed and the errors assigned, but one other question is raised for our decision, and that is whether or not the evidence justified the finding of the

referee as to the liability on the last bond. That Altrogge was defaulter to at least the amount of the judgment rendered is not denied, but it is claimed that the defalcation occurred during the first and second terms, or one of them, and not on the last. A preliminary question is raised by counsel for defendant in error that the bill of exceptions does not purport to contain all the evidence and that no exception was taken to the judgment of the court below, and that therefore it must be affirmed without reference to the merits of the case. The last objection does not exist in fact, and the former is not well taken, for the reason that the evidence being a part of the referee's report is preserved in the record without a bill of exceptions.

No objection to any portion of the evidence was made, either before the referee or the court on exceptions, and therefore its competency is not in question here. In fact the three several reports of Detrich above referred to seem to have been admitted before the referee by agreement of parties.

It is manifest from the several reports of the referee that he bases his conclusions upon these reports of Detrich, treating the amount unaccounted for at the end of each term as being on hand at the beginning of the next.

Having consented that these reports should be admitted in evidence, or allowed them to be offered without objection, in the absence of all proof to impeach their correctness, plaintiffs in error can not be allowed to say that Altrogge did not receive the several sums therein charged against him, merely because a part of them may not appear upon his books. The defalcation being fully established and Altrogge having made no official reports showing the state of his accounts at the expiration of any term, in the absence of all proof to the contrary the law fixes it in the last term. Brandt on Suretyship and Guaranty, Sec. 467, and cases cited.

The only evidence tending in the slightest degree to fix the default in either of the previous terms, is the testimony of Detrich as to a conversation with Altrogge in June, 1879.

No objection was made to this evidence, but, waiving all question as to its competency to bind the sureties on the bond

then in force, it is clearly insufficient by reason of its uncertainty to establish the fact of a defalcation at that time.

Most of the $18,000 not paid out during the first term was unquestionably carried into the second term, and thence into the last, for the reason that the amount shown to have been paid out from the time the last bond was executed to the date of his death, largely exceeds the amount unaccounted for at the end of the second term, and what was received after the giving of this bond.    The presumption of the law is therefore aided by the proof, and the referee was justified in concluding that the whole amount unexpended, as shown by the reports of Detrich, was on hand at the end of the first and second terms, and that being the case the legal liability of the sureties on the last bond is fixed.    If, as would seem from this record, the officer persistently neglected, during his entire term of office, to make reports to the county board as required by law, and the county board failed to require him to do so, plaintiffs in error must be charged with a knowledge of these facts, and with the knowledge that the law, in the absence of such reports, would fix any defalcation on the last term, unless they should be able to prove that it had previously occurred. Had the officer made his reports showing the amounts found by Detrich to have been unaccounted for on hand at the end of the first and second terms, plaintiffs in error would have been liable whether the money had been actually on hand or not.    While his neglect to make his report was inexcusable, and the conduct of the county board still more so, in permitting him to continue in office without doing his duty in that regard the public can not be made to suffer by reason of such neglect. Hence the presumption of the law fixing the liability is right and proper, and the judgment in this case must be affirmed.

Affirmed.