B. W. Burchett, *as Sheriff of Kingfisher County, Oklahoma Territory*, v. Annie M. Hamil.

1. Referee—*Report.* On consideration of a motion by a party to confirm the report of a referee, where the party has made no exceptions to the facts found, the facts must be taken, as to the party making the motion, as found by the referee, and it is the duty of the court to apply the law to those facts; and the court is not bound by the conclusions of law of the referee, but may render such judgment as the law warrants. And if the conclusion of law of the referee are erroneous, or are made in favor of the party to such motion when they should have been rendered in favor of the other party, it is not erroneous to overrule such motion to confirm the referee's report.

2. Ownership of Wheat—*Validity of Lease Contract—Immaterial Questions.* In an action of replevin to recover wheat which was grown by the plaintiff upon land on which the plaintiff's husband had a homestead entry, where it was shown that the plaintiff had entered into a written lease with her husband, in consideration of the sum of six hundred dollars duly paid, whereby she was to hold and use the land for something over five years, and where, in pursuance to this lease, the plaintiff did break out, cultivate and otherwise improve the land, and did plant and harvest the wheat, she paying the

expenses of the same from her own means; and where the action is against the sheriff, who levied upon the wheat under an execution against the plaintiff's husband, it is entirely immaterial whether this lease was valid or void, on the ground contended for that it was not acknowledged and filed, or because the homestead entryman could make no lease or conveyance of his homestead. She had tilled the soil planted the wheat and harvested and threshed it with her own means and by her own servants, and her title thereto did not depend upon her right to cultivate the soil, at least when it was attacked by a person who showed no claim to the land on which the wheat was raised.

3. REFEREE—*Report Set Aside.* Where the report of a referee is entirely set aside there is no finding of fact or evidence upon which the court can act; and the effect of setting aside the report is to grant a new trial, and it is erroneous for the court, after entirely setting aside the referee's report, to proceed to render judgment upon it.

*Error from the District Court of Kingfisher County.*

### STATEMENT OF FACTS.

Annie M. Hamil brought her action in replevin in the district court of Kingfisher county to recover the possession of four hundred bushels of wheat which the defendant, as sheriff, had levied upon under an execution upon a judgment against the plaintiff's husband, James M. Hamil. The cause was submitted to a referee for trial, and the referee made findings of fact and conclusions of law, and reported the same to the court. The findings of fact are quite brief, and treating them as they are considered by counsel for both sides in their briefs, the facts are these: That on the 20th day of June, 1890, James Hamil leased to his wife a quarter section of land, which he was claiming under the homestead law, and which on April 22, 1891, he entered under the homestead law, and had not yet proved up at the time this action arose, until the first day of October, 1895, for the sum of $600 paid by the plaintiff to James M. Hamil. This lease was in writing, signed by both parties, and witnessed by one E. V. Hamil, but not acknowledged or recorded. Acting under this lease the plaintiff from

time to time broke said land until all the tract, except about thirty acres, was broken and put into cultivation. The cultivated land was sown to wheat from year to year until in 1894 there was harvested 1783 bushels of wheat. The $600 paid by plaintiff to her husband for said lease was mainly expended in making improvements upon the land, in fencing the same and erecting buildings thereon. The plaintiff mainly attended to hiring the hands and paying the expenses of farming the land and raising the wheat, and out of the proceeds thereof provided for the family.    On July 6, 1894, the defendant, as sheriff of Kingfisher county, held in his hands for execution an execution issued upon a judgment for principal, interest and costs in the sum of $120, given in favor of the Burden Bank against J. M. Hamil, and by virtue of this execution levied on the 400 bushels of wheat then in a granary on this land.   The wheat was valued at $150.

The referee concluded, as a matter of law, that the lease of J. M. Hamil to the plaintiff was void as to the execution creditor, the Burden Bank, and that as to the execution creditor the 400 bushels of wheat so levied upon by the defendant was subject to such levy, and the wheat was rightfully held by the defendant at the time of the commencement of the action of replevin, and that the defendant was entitled to judgment for the return of the 400 bushels of wheat, or $150, the value thereof.   The plaintiff excepted to each finding of fact of the referee, and to each conclusion of law thereon, and on such exceptions moved the court to set aside the report of the referee.   The defendant moved the court to confirm the report of the referee and render judgment upon the findings of fact and conclusions of law in favor of the defendant for the return of the property in controversy, or

the value thereof, and for the costs.   On consideration of these motions the court sustained the exceptions of the plaintiff to the report of the referee, and set aside and held the same for naught, and also overruled defendant's motion to confirm the report of the referee, and then proceeded to find upon the referee's report for the plaintiff, adjudging her entitled to the possession of the wheat, and giving her judgment for costs.   The defendant excepted to the action of the court in overruling his motion to confirm the report of the referee, and also moved for a new trial, and this being overruled, exception was duly saved.   Reversed.

*Boynton & Smith*, for plaintiff in error.

*W. W. Noffsinger*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.:   Two questions of law are presented upon the record for our determination.   (1), Did the court err in overruling defendant's motion to confirm the report of the referee and render judgment in his favor thereon? (2), Did the court err in rendering judgment for the plaintiff after the court had sustained the plaintiff's exceptions to the report of the referee and, on her motion, had set aside and held the report for naught?

The defendant had filed no exceptions to the findings of fact of the referee, so, on determining his motion, the facts, so far as his motion is concerned, must be taken as found by the referee.   (*Martsolf v. Barnwell*, 15 Kan. 612.)

The district court, however, was not bound by the conclusion of law as made by the referee, and on such motion

should have entered such a judgment as the law would warrant, when applied to the facts as found. (*Martsolf v. Barnwell, supra*).

The question is, then, on the facts as found:   Was the defendant entitled to judgment?   This question is presented by counsel for both parties, in their briefs, from a discussion of the proposition as to whether or not the lease made by J. M. Hamil to the plaintiff was void.   It is chiefly contended that it was void under the Nebraska statute, in force in this territory at the time the lease was made, because that statute required all conveyances of real estate, except leases for a term of not exceeding one year, to be acknowledged and filed of record.   It is also argued by plaintiff in error that the lease is void, because it is against public policy under the laws of the United States for a homestead entryman to lease his homestead; and because a conveyance of the land before patent is void.   In our judgment, none of these propositions have any relevancy to the case in hand.   No levy was made upon any land, and no leasehold interest of the plaintiff was sought to be defeated by the execution creditor.   The question was not as to whether the sheriff could have levied on the land, but the question was, did the plaintiff own the wheat?   And a determination of that question did not, and does not, require a determination as to whether this lease was void or valid on account of any matters stated.   There is no finding of fact—and if we could go into the evidence, there is no evidence tending to show—that these parties were perpetrating, or attempting to perpetrate, any fraud upon the creditors of J. M. Hamil.   Whether the lease was void or valid makes no difference.   The fact appears that the plaintiff did farm this land; that she did break up the prairie and

reduce the land to cultivation; that she hired the men and paid the expenses of planting and harvesting the wheat, and the wheat was raised from seed formerly raised by her.   Whether or not she had a right to the possession of the land on which the wheat was raised, where the defendant shows no claim of right to the possession of such land, or any title whatever therein, is a question entirely too remote to merit any consideration whatever. If she had no right to the possession of the land, that would give the defendant no right to levy on her wheat under an execution against her husband, or any other person.   The question, also, as to whether or not a homestead entryman may lease his homestead for farming purposes, while he resides thereon, can not be considered here.   Even if we were to concede that that would be a debatable question as between the government and the entryman, or a contestant and the entryman, it would in no way assist the plaintiff in error.   Neither he nor the creditor whom he represents is in any position to raise it. As long as these parties have no right to the land, it makes no difference to them whether the entryman is complying with the homestead law or not.   The conclusions of law of the referee were, therefore, erroneous, and the court properly overruled the defendant's motion to confirm the report and for judgment.

The record of the case shows that the plaintiff made his exceptions before the referee to each finding of fact and conclusion of law contained in his report, and in the district court renewed his exceptions specifically, and asked the court to set aside the referee's report.   That upon consideration of the plaintiff's exceptions and application to set aside the report, the journal shows:   "The court sustains said exceptions to the report of the referee

20 — v.

and sets aside and holds for naught the same." The court then, after overruling the plaintiff's motion to confirm the report of the referee, proceeded to render judgment for the plaintiff. It is contended by plaintiff in error, without the citation of any authorities, that this was erroneous.

Was there anything upon which to render judgment after the report of the referee had been entirely set aside and held for naught?

The trial was not before the court, although it was, indeed, before an officer of the court, and the evidence was not submitted to the court except through the report of the referee, and when this report was set aside the case then stood in the same situation exactly as it was in when submitted to the referee. The entire setting aside of the report carried everything connected with the report down with it, and left the case open, and without any trial upon the issues formed. With the report of the referee set aside, the case stood in the same situation as if it had been tried to a jury, and submitted to the jury, a verdict rendered, and, on application of one of the parties, set aside; or as if it had been tried by the court and judgment rendered, and this judgment set aside on motion. The necessary result in any one of these cases is a new trial. The principle is not different when applied to the complete vacation of a report of a referee, from the same action upon the decision of a court or the verdict of a jury. As to the result of setting aside the report of a referee, Mr. Justice Brewer, in speaking for the supreme court of Kansas, in the case of *Owen v. Owen*, 9 Kan. 91, said:

"The effect of setting aside the report is a new trial. The rights of neither party are concluded. Each has a full opportunity to establish his claim or defense."

A case on all-fours with this one is the case of *Rice v. Benedict*, 18 Mich. 75. The opinion is very brief, and entirely upon this question, so we give it in full here:

"It this case, the suit having been referred under the statute, and the report of the referees having been excepted to, the circuit court, instead of confirming it in whole or in part, set aside altogether, and then without any further trial or reference back, gave judgment for plaintiffs for $646.32 damages with costs.

"This was unauthorized by law. As soon as the report was set aside, the case stood in the same predicament as if the verdict of a jury had been vacated, and until a new trial should be had before the court or a jury or referees, there was nothing left to act upon. A report set aside leaves the cause as if it had never been tried, and there is left neither evidence nor finding; but merely an issue of fact requiring trial before any judgment can be given. Until some competent body has retried that issue, the court cannot have any basis for determining which party should prevail, or what amount, if any, was due from one to the other. Every judgment must be based upon some finding, and here there is none whatever remaining in force. The judgment must be reversed, and the cause be remanded for a new trial."

Defendant in error contends, however, that the action of the court in rendering judgment on the case after the report of the referee had been set aside was not erroneous, but is warranted by our code, and particularly by the decisions upon it by the supreme court of Kansas. The case cited is that of *Martsolf v. Barnwell, supra,* the opinion being written by Mr. Justice Brewer. The part of the case referable to this question is as follows:

"The matter was tried before a referee, who filed his report, with findings of fact and conclusions of law. He gave plaintiff in error priority over Barnwell, defendant in error. The district court, however, upon the facts as reported by the referee, awarded priority to Barnwell.

No objection was made by plaintiff in error to the referee's report, and no motion made by him to set it aside. The facts therefore as found by the referee, are beyond question, and the only matter for consideration is the judgment required upon such facts. The district court was not bound by the conclusions of law of the referee, any more than this court is bound by the conclusions of the district court. It was the duty of that court, upon examination of the facts found, to see that the proper judgment was entered upon them, whatever might have been the conclusions of the referee, as it is the duty of this court upon a re-examination to see if there has been any error in the conclusions and judgment of that court, and if so, to direct the entry of the proper judgment."

We cannot take this case as being any authority whatever in support of the contention of plaintiff below, defendant in error here, particularly so in view of the decision just before cited, wherein the same learned judge held that the effect of the action of the court in setting aside the report of a referee was to grant a new trial.

In the case reported and cited as authority, the plaintiff made no objections to the report of the referee, and made no motion to set it aside. The case therefore stood for judgment of the district court on the report of the referee, and not upon a case where the report of the referee had been set aside and held for naught.

It had already been held by the supreme court of Kansas in *Walker v. Eagle Works Manufg. Co.* 8 Kan. 397, that "the findings of fact by a referee have equal force with the findings of fact by a court, or the special verdict of a jury;" and, of course, so long as the case stood upon the findings of fact of the referee, the court, as we have seen, might render judgment thereon as the law would require, no matter what the conclusions of law of the referee might be in the case. But the plaintiff in this case, by his own motion, had the report of the

referee entirely set aside and held for naught.   He was then not only in no position to except to such action, but he was in no position whatever to ask for a judgment upon the report, which was then a nullity, and made so by his own application.   Had the plaintiff made a motion for judgment in his favor upon the findings of the referee, notwithstanding the referee's conclusions of law, and judgment had been rendered in accordance therewith, then the case of *Martsolf v. Barnwell* would be in point.   As it is, it does not in any way assist the claim of defendant in error.

We do not mean to be understood as saying that the court may not modify the report of the referee so that judgment may be entered in accordance with the law; nor do we mean to be understood as saying that the court may not direct the referee to modify his own report.   What we hold is that, when the report is entirely set aside, the effect of the action of the court is to grant a new trial, and no judgment can then be entered without trial before the same or another referee or the court or a jury.   Nor do we mean to be understood as saying that the parties might not agree that the court proceed to try and determine the case upon the evidence as reported by the referee; but without such consent, on the report of the referee being set aside, the court could not render judgment without a trial.   The cause is therefore reversed and a new trial granted.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.