FRANK O. WHITE *vs.* WALTER S. HALE.

Suffolk.    December 6, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Auditor's report.

The denial of a motion, to recommit an auditor's report with instructions to the auditor to set out in his report the facts and evidence on which he based his findings and rulings contrary to those requested by the party presenting the motion, is wholly within the discretion of the judge to whom the motion is addressed, and is not subject to exception or open to revision upon appeal.

In refusing to entertain an exception to the denial of a motion to recommit an auditor's report, this court called attention to the fact, that here, as in *Tobin* v. *Kells,* 207 Mass. 304, even if the court had had authority to review the exercise of discretion by the trial judge, there was nothing in the record to show what facts, if any, were agreed upon or proved at the hearing of the motion which was denied.

R. L. c. 165, § 55, makes an auditor's report *prima facie* evidence, but this leaves the party against whom his finding was made full opportunity to introduce at the trial evidence to disprove the correctness of such finding and also to raise any question of law on which he thinks that the ruling of the auditor was wrong.

CONTRACT by an attorney at law for $3,500 for compensation for professional services alleged to have been rendered to the defendant on August 14 and 15, 1907. Writ dated August 16, 1907.

The answer, besides a general denial, admitted that the defendant employed the plaintiff to perform certain services for him on August 14 and 15, 1907, but alleged that such employment was an entire contract for an agreed price of $25, which was paid fully in advance, and that the services required no special and peculiar skill and were not reasonably worth more than $25.

The case was referred to Samuel K. Hamilton, Esquire, as auditor. He filed a report in which he found that a reasonable compensation for the services rendered by the plaintiff to the defendant was $500, and that the plaintiff was entitled to receive that sum from the defendant.

The defendant filed a motion to recommit the auditor's report " and to instruct the auditor to correct the errors hereinafter re-

ferred to and to set out in his report the facts and evidence upon which he bases his findings and rulings contrary to the findings and rulings duly requested by the defendant," assigning the following grounds :

"1. Because the auditor erred in finding that the services alleged to have been performed ' were rendered in consummating a sale of a contingent interest in the estate of E. M. J. Hale.'

"2. Because the auditor erred in finding that the transaction concerning which the alleged services were rendered was ' to purchase of the beneficiaries all their interest in the real estate.'

"3. Because the auditor erred in finding that ' the defendant discharged Mr. Poor as his attorney,' and has not limited his finding to the evidence that it was only in the matter of the negotiations with Frederick Ayer, and that Poor had been the family counsel for many years and had continued to act for the defendant in all other matters to and including the trial of this action.

"4. Because the auditor erred in finding that the defendant ' in a very short time paid him (the plaintiff) a retainer of twenty-five dollars.'

"5. Because the auditor refused to rule as duly requested by the defendant before the arguments were begun, as follows: (1) On all the evidence the finding must be for the defendant. (2) It is presumed that a payment is on account of services and not a retainer. (3) The evidence does not warrant a finding that the sum of $25 was paid as a retainer. (4) The evidence does not warrant a finding that the payment of the sum of $25 was a retainer, because at the time of said payment and the conversation relative thereto the parties had already entered into the relation of attorney and client and had commenced the work contemplated by the employment. (5) There is no evidence that there was such a cause pending at the time of the employment of the plaintiff and the payment of the sum of $25 as to enable or authorize the plaintiff to receive and credit said sum as a retainer. (6) There was no such future service contemplated by the parties at the time of the employment of the plaintiff and the payment of the sum of $25 as to enable or authorize the plaintiff to receive and credit said sum as a retainer."

The foregoing motion was heard by *Richardson,* J., who made

an order denying it. The defendant alleged exceptions, and also appealed from the order denying the motion.

Later the case came on for trial before *Bond*, J., without a jury. The defendant, before the introduction of any evidence, renewed his motion previously made to recommit the auditor's report for the reasons set forth in his motion and assigned as the grounds therefor. The judge denied the motion, and the defendant excepted.

The plaintiff then offered in evidence the auditor's report, which was objected to by the defendant on the ground that the report had not been recommitted in accordance with the defendant's motions theretofore filed. The judge admitted the report as evidence, and the defendant excepted.

The auditor's report, in which the auditor found and reported that the plaintiff was entitled to receive from the defendant the sum of $500, was the only evidence offered. The judge found for the plaintiff in the sum of $587.90 ; and the defendant alleged exceptions.

*E. S. Abbott*, for the defendant.

*G. C. Abbott*, for the plaintiff.

SHELDON, J. The motion to recommit the auditor's report was addressed wholly to the discretion of the justice before whom it was heard. This has been so recently decided that it is unnecessary to do more than refer to the case of *Tobin* v. *Kells*, 207 Mass. 304. The renewal of this motion before the judge who tried the case without a jury comes under the same rule. His action was not a subject of exception. And here, as in the case cited, we do not know what facts, if any, were agreed or proved at the hearing of either of these motions.

The auditor's report was *prima facie* evidence (R. L. c. 165, § 55), and justified the finding made at the trial. If the defendant thought that any of the findings of fact or rulings of law made by the auditor were wrong, he had full opportunity to put in evidence of the facts and raise the questions at law at the trial. See *Fisher* v. *Doe*, 204 Mass. 34.

*Exceptions overruled and orders affirmed.*