## WAGESTER v. COSMOPOLITAN FIRE INS. CO.

## SAME v. NORTHWESTERN NAT. INS. CO.

No. 2619. Opinion Filed April 29, 1913.

(132 Pac. 142.)

**APPEAL AND ERROR—Review—Insufficient Record.** Where the case-made does not contain a recital to the effect that the record contains all the evidence introduced on the trial of the cause, this court will not review any question depending upon the facts for its determination.

(Syllabus by the Court.)

*Error from District Court, Wagoner County; Chas. Bagg, Judge.* ·

Action by Julia Wagester, doing business under the firm name of Wagester Sisters, against the Cosmopolitan Fire Insurance Company, and by the same plaintiff against the Northwestern National Insurance Company. Actions consolidated, judgments for defendants, and plaintiff brings error. Affirmed.

*Geo. A. Murphey* and *E. L. Kistler,* for plaintiff in error. *Burwell, Crocket & Johnson,* for defendants in error.

WILLIAMS, J. This proceeding in error is to review the action of the trial court in rendering judgment in favor of the defendants in error. On June 28, 1909, two separate

actions were begun by the plaintiff in error as plaintiff against the respective defendants in error as defendants. The action against the defendant in error, Cosmopolitan Fire Insurance Company, was on a policy of $1,000, and that against the Northwestern National Insurance Company on a policy for $700, both being written on September 28, 1908, and each to run for a period of one year from that date. Said plaintiff was the owner of a stock of millinery goods insured under this policy, which were located in the Paste Block in the city of Muskogee at the time of the issuance of the policies. On November 6, 1908, this stock of millinery goods was destroyed by fire. By agreement in the lower court both actions were consolidated and tried as one case, it being stipulated that "either party desiring to appeal from any judgment, which may be rendered, may appeal by one case-made or separate case-made as he may desire." All preliminaries, except as hereinafter stated, having been complied with, the action of the lower court is now here for review.

The record cites as follows:

"The photograph marked 'Exhibit E' in this case was introduced first in case No. 1,017, *Kimple v. Oklahoma Fire Insurance Co.*, which case is to be appealed, and the exhibit will be filed with said case. The stenographer cannot make a copy of this exhibit."

The photograph not appearing in the case and not being a part of the record, therefore all the evidence introduced upon the trial is not included in the case-made. Counsel for the companies in their brief contend that for that reason the evidence cannot be considered in this court, as it is essential that the case-made should contain a positive averment by way of recital that it contained all the evidence introduced and admitted on the trial by the court for this court to review any question depending upon the facts for its determination. The court sustained the demurrer on the part of the companies to the evidence of the plaintiff and entered judgment in their favor. This question cannot be re-

viewed without all the evidence having been brought up. *Gaffney v. Stanard et al.,* 31 Okla. 541, 122 Pac. 510.

In addition, it does not appear from the evidence contained in the record that the plaintiff substantially and reasonably complied with the provisions of the "iron safe" and "inventory" clauses. *Western Reciprocal Underwriters Exchange v. Coon, post,* 134 Pac. 22.

The judgment of the lower court is affirmed.

All the Justices concur.