## GEARY MILLING & ELEVATOR CO. v. LANE.

No. 3799.  Opinion Filed December 8, 1914.

(144 Pac. 1029.)

REFERENCE—Evidence Before Referee—Review by Court—Motion for New Trial. Evidence adduced before a referee cannot be reviewed by a trial court unless the findings of the referee are challenged by motion for new trial filed in such court within the statutory time. In the absence of such motion, the referee's findings become the decision of the court, upon which judgment must be rendered.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by the Geary Milling and Elevator Company, a corpor-

ation, against Samuel W. Lane, trading under the name of the Lane Grocery Company. Judgment for plaintiff for less than the sum found by the referee, and plaintiff brings error. Reversed, with directions to enter judgment on the referee's finding.

*C. Dale Wolfe,* for plaintiff in error.

*Crump, Fowler & Skinner,* for defendant in error.

BLEAKMORE, J. This case presents error from the district court of Seminole county. The parties are referred to herein as they appeared in the court below.

Plaintiff instituted its action against the defendant on an open account for goods, wares, and merchandise alleged to have been sold and delivered. The defendant answered by way of general denial. The cause was referred to a referee to take all testimony and to render complete findings of fact and law. The cause was heard before the referee, who made his findings of fact and conclusions of law, to which the defendant filed exceptions. Thereafter the report of the referee was filed in the court. The referee found that the defendant was indebted to the plaintiff in the sum of $607.19, with interest from the 1st day of July, 1907. No motion for new trial was filed at any time in the court. Upon consideration of the report of the referee it was found and adjudged by the court that the defendant was indebted to the plaintiff in the sum of $427.19, and judgment was rendered in that sum. Motion for new trial was filed and overruled.

No briefs have been filed on behalf of the defendant in error.

It is contended by the plaintiff that, inasmuch as no motion for a new trial was filed within three days after the filing of the report of the referee, such report was, under the statute, the decision of the court, as binding and as effective as a special verdict of a jury, that nothing remained to be done by the court, save the rendition of judgment in accordance with such decision, and

that, inasmuch as such decision was unchallenged, it was the duty of the court to render its judgment upon such findings.

The question involved has been decided by this court in *First National Bank of Shawnee v. Oklahoma National Bank of Shawnee,* 29 Okla. 411, 118 Pac. 574, in which case it was said in the syllabus:

"To secure a review of the evidence taken on a trial before a referee, a motion for a new trial must be filed in the trial court, and not before the referee, and, except for the cause of newly discovered evidence, must be at the term the report is filed, and unless unavoidably prevented, within three days thereafter."

And again:

"The findings of fact of a referee, where not challenged within a proper time and manner, become final, and exceptions to a judgment rendered thereon are of law, and not fact, and cannot be raised on a motion for a new trial."

It was the duty of the trial court, in the absence of a motion for a new trial, to review the proceedings had before the referee, filed in that court within the time provided by law, to render its judgment upon the findings and report to the referee, and it was beyond the power of that court to review the evidence adduced before the referee without a proper motion for a new trial. It follows, therefore, that the trial court should have rendered judgment for the sum of $607.19, the amount reported and found by the referee, and it was error to review the evidence and make another and different finding and render judgment thereon.

The judgment of the trial court is reversed, with directions to enter judgment upon the findings of the referee.

All the Justices concur, except KANE, C. J., absent and not participating.