**JAMES v. COLEMAN et al.**

No. 5940—Opinion Filed June 19, 1917.

(166 Pac. 210.)

(Syllabus by the Court.)

**1. Appeal and Error—Motion for New Trial—Opinion of Court Below.**

Where upon motion for new trial in a case tried before a referee, the court sustains the motion and grants a new trial, and at the time of passing on said motion delivers an oral opinion stating the reasons upon which the motion is sustained, said remarks of the court cannot operate to prevent the Supreme Court reviewing the entire record in order to determine whether said new trial was properly granted for reasons other than those stated by the court.

**2. Reference—Report—Exception.**

Prior to the taking effect of section 5033, Rev. Laws 1910, where by oral consent of the parties made in open court and entered on the journal a case was referred to a referee with directions to make findings of fact and conclusions of law and report the evidence taken before him, the evidence taken by the referee and returned with his report became a part of the record in the case, and it was not necessary to file exceptions to the report or motion for new trial with the referee, but it was the proper practice to file same with the court upon the coming in of the report and within three days from the filing thereof.

**3. New Trial—Procedure—Findings of Fact.**

Where a motion for new trial is sustained and the report of a referee entirely set aside, the effect of the order is to grant a new trial, and it is erroneous for the court to make other findings of fact and render judgment thereon.

**4. Appeal and Error—Discretion of Trial Court—Grant of New Trial.**

The granting of a new trial rests so much in the discretion of the trial court that the Supreme Court will not reverse such an order unless it is made to clearly appear that the trial court has erred in respect to some pure, simple, and unmixed question of law, and unless it can be seen that but for such error a new trial would not have been granted.

**5. Appeal and Error—Case-Made—Evidence.**

The Supreme Court will not review questions which require an examination of the evidence where the case-made does not contain the evidence taken in the trial court.

**6. Reference—Discretion of Trial Court—Refusal to Send Case Back to Referee.**

It was within the discretion of the trial court when sustaining a motion for new trial, to deny a request to send the case back to the referee with directions to make additional findings.

Error from District Court, Ottawa County; G. A. Brown, Assigned Judge.

Action by S. H. Maxwell against George L. Coleman and others. Report of referee set aside, and new trial granted, from which action plaintiff brings error. Upon death of plaintiff in error, action revived in name of R. O. James, administrator. Affirmed.

W. H. Kornegay, Ollie Mason, and Verne Thompson, for plaintiff in error.

H. W. Currey and Asp, Snyder, Owen & Lybrand, for defendants in error.

HARDY, J. The plaintiff in error has printed in his brief a lengthy statement of the trial judge, delivered orally at the time of passing upon the motion for new trial, together with the report of the referee and the petition in error, and this is all of the record which he has included in his abstract. There is a brief recital in narrative form of the history of the case, which merely sets out the various steps taken in the settlement of the issues and the order referring the case to a referee. The exceptions to the referee's report and the motion for new trial are omitted. There were 2,257 pages of typewritten evidence and exhibits, all of which was reported to the court by the referee, but none of which is included in the case-made or in the abstract of counsel. Upon the incoming of the report and on the same day it was filed, January 22, 1913, defendants filed exceptions thereto, making 20 specific exceptions to the referee's findings of fact, some of which challenged the sufficiency of the evidence to support the findings, charged the findings to be insufficient to support any judgment against any of the defendants, and charged a long list of errors by the referee in the trial before him, and particularly charging that the referee, after receiving and considering a large amount of testimony, had entered an order striking out the same and had thereafter based his findings of fact upon this evidence which was stricken. At the same time, defendants filed their motion for new trial, including therein all the statutory grounds for a new trial, except the second, third, seventh, and ninth, and particularizing in several different grounds their objection to the sufficiency of the evidence to support the findings of the referee and to support any judgment at all against the defendants. These exceptions and this motion were heard and considered by the court, and on the 4th day of July there was entered an order upon the journal sustaining defendants' exceptions and motion for new trial. The court orally made an extended statement of his views. The plaintiff in error, at the time of preparing the case-made, included therein this

lengthy statement, which the trial court caused to be stricken out, and thereafter, upon application to this court, same was ordered included therein and made a part of the case-made.

The plaintiff in error has based practically his entire argument on the statement of the trial judge in passing on the motion for a new trial as incorporated in the case-made, and his assignments of error are in. the main based on this statement. The practice of inserting in a case-made matters of this kind which are of no importance and which cannot be considered by this court was condemned in the case of Guss v. Nelson, 14 Okla. 296, 78 Pac. 170, where it was held that the findings of fact and conclusions of law of the trial court were contained in the journal entry, and not in such oral statement, which could not be considered to control the recitals of the formal entry upon the journal. The same proposition was again stated in Gates v. Settlers, etc., Reservoir Co., 19 Okla. 83, 91 Pac. 856, where it was stated that the Supreme Court will only look to the record as embraced in the entry upon the journal. Both these decisions were rendered prior to the admission of the state, since which time we know of no expression by this court upon the subject. In view of this fact, we have made an extended investigation of this question, and we find that the two opinions cited are in harmony with the authorities throughout the country, and are satisfied that the rule is a salutary one and should not be disturbed. If the rule were otherwise, the Supreme Court, upon appeal, would be limited to a consideration of the reasons given by the trial court for the order made, even if the record should disclose more than one good and sufficient reason upon which the order might possibly be based. The trial court could not, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review of the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon such appeal to a consideration of the reasons stated. Upon an appeal from such an order, the court will review the entire record, and if the order was properly made, even though a wrong reason was given therefor, the same will be sustained. Ryan v. Bridge Co., 7 Kan. 207; Howell v. Pugh, 25 Kan. 96; Graefe v. St. Louis Transit Co., 224 Mo. 232, 123 S. W. 835; Hewitt v. Steele, 118 Mo. 463, 24 S. W. 440; State ex rel. Hartman. v. Thomas, 245 Mo. 65, 149 S. W. 318; Morgan v. Robinson, 15 Cal. 352, 107 Pac. 695; Ben Lomond Wine Co. v. Sladky, 141 Cal. 619, 75 Pac. 332;

Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002; Rochester v. Seattle Ry. Co., 75 Wash. 559, 135 Pac. 209; Langley v. Derlin, 87 Wash. 592, 151 Pac. 1134; Reno, etc., Co. v. Westerfield, 26 Nev. 332, 67 Pac. 961, 69 Pac. 899; Winnicott v. Orman, 39 Mont. 339, 102 Pac. 570; Menard v. Montana Cent. Ry. Co., 22 Mont. 340, 56 Pac. 592; Vincent v. Ellis, 116 Iowa, 609, 88 N. W. 836; Lawrence v. Oglesby, 178 Ill. 122, 52 N. E. 945; Grand Central Min. Co. v. Mammoth Min. Co., 29 Utah, 490, 83 Pac. 648.

The judgment of the court sustaining the motion for a new trial is general in its terms, and does not specify any particular reason therefor or base the order upon any one or more grounds of the motion. . The brief of plaintiff in error does not apprise us of the grounds urged for a new trial nor of the exceptions taken to the report of the referee; but, as we learn from the brief of defendant in error that said motion embraced grounds which would require an examination of the record made during the trial before the referee in order to pass upon the correctness of this ruling, and would require us to review and weigh the evidence in order to determine whether it was sufficient to support the findings of fact made by him, which we are unable to do because the evidence is not included in the case-made and brought up for our consideration (Inc. Town of Stigler v. Wiley, 36 Okla. 291, 128 Pac. 118; Wagester v. Cosmopolitan Fire Ins. Co., 38 Okla. 52, 132 Pac. 142; Worrell v. Fellows, 39 Okla. 769, 136 Pac. 750; Washington County Abstract Co. v. Harris, 48 Okla. 577, 149 Pac. 1075; Hoyt Shoe Co. v. Cuff, 46 Okla. 178, 148 Pac. 695), therefore we cannot determine whether the action of the trial court was correct or not, and under these circumstances there is nothing for us to do but to affirm the order appealed from if the motion for new trial was properly filed.

The order of reference required the referee to make findings of fact and conclusions of law and report all the evidence taken before him. This being the terms of the order, the evidence returned by the referee in accordance therewith became a part of the record by virtue of the order of court, and it was not necessary for defendants to file exceptions to the report or a motion for new trial before the referee, but it was the proper practice to file same with the court after the coming in of the report and within three days from the filing thereof. First Nat. Bank v. Okla. Nat. Bank, 29 Okla. 411, 118 Pac. 574; Geary Mill & Elevator Co. v. Lane, 45 Okla. 21, 144 Pac. 1029.

Section 5033, Rev. Laws 1910, which defines a new trial to be a re-examination of an issue of fact in the same court after a verdict by a jury, the approval of the report of a referee, or a decision by the court, did not become effective until May 16, 1913, and was not therefore applicable to the proceedings at the time the report was filed, which was on January 22, 1913, but section 5825, Comp. Laws 1909, was the governing statute, which was,in the main, the same as section 5033, Rev. Laws 1910, except that it was not required that the report of the referee be approved before a new trial might be had, and therefore the judgment of the court was not premature because a new trial was granted before the approval of the report. The reference in this case was by oral consent of the parties in open court under the authority of section 5018, Rev. Laws 1910, and section 5020, governing the procedure in trials before the referee, declares that:

"The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict."

Under this statute, the report of the referee when filed became the decision of the court, and unless attacked in the manner provided by law, that is, by filing exceptions to the report and by filing a motion for a new trial within the time prescribed, it then became the duty of the court to pronounce judgment thereon. The procedure under the statutes in force at the time these proceedings were commenced was clearly pointed out in the case of First National Bank of Shawnee v. Oklahoma National Bank of Shawnee, 29 Okla. 411, 118 Pac. 574. The case was not governed by the general equity practice. The authorities cited by plaintiff in error were cases where that practice prevailed in the federal courts, or were decisions by this court in cases that arose in the Indian Territory prior to statehood. It is urged that upon granting the motion sustaining exceptions and granting the motion for new trial, it was the duty of the court to consider the evidence and make findings of fact and render such judgment as was proper. We do not think so. In Burchett, Sheriff, v. Hamil, 5 Okla. 300, 47 Pac. 1053, 'it was held that:

"Where the report of a referee is entirely set aside there is no finding of fact or evidence upon which the court can act; and the effect of setting aside the report is to grant a new trial, and it is erroneous for the court, after entirely setting aside the referee's report, to proceed to render judgment upon it."

And after stating the rule thus in the third paragraph of the syllabus, in the opinion of the court, it was further said:

"The trial was not before the court, although it was, indeed, before an officer of the court, and the evidence was not submitted to the court except through the report of the referee, and when this report was set aside the case then stood in the same situation exactly as it was in when submitted to the referee. The entire setting aside of the report carried everything connected with the report down with it, and left the case open, and without any trial 'upon the issues formed. With the report of the referee set aside, the case stood in the same situation as if it had been tried to a jury, and submitted to the jury, a verdict rendered, and, on application of one of the parties, set aside, or as if it had been tried by the court and judgment rendered and this judgment set aside on motion. The necessary result in any one of these cases is a new trial. The principle is not different when applied to the complete vacation of a report of a referee, from the same action upon the decision of a court or the verdict of a jury"

—and the court quoted from the opinion of the Supreme Court of Kansas in Owen v. Owen, 9 Kan. 91, by Mr. Justice Brewer, in support of the conclusions reached.

The rule thus announced was again stated in Tribal Development Company et al. v. White Bros. et al., 28 Okla. 525, 114 Pac. 736, where it was said:

"Of course, where the evidence is not before the court, setting aside the report has the effect of granting a new trial."

This latter quotation would seem to imply that the court had in mind a qualification of the rule announced in Burchett, Sheriff, v. Hamil, supra, or that the court was of the opinion that the evidence was not before the court in that case. It appears from the quotation from that case that the evidence was before the court included in the report of the referee. Inasmuch as there might appear to be some doubt as to the extent of the rule by virtue of the last quotation, we have reinvestigated the question, and the following authorities support the proposition that, in an action where a reference is made by consent of the parties of all the issues to a referee, the effect of granting a new trial is to leave the case in the same situation as it was before the trial was had. Lyons et al. v. Harris et al., 73 Iowa, 292, 34 N. W. 864; Stroup v. Bridger, 124 Iowa, 401, 100 N. W. 113; Rice v. Benedict, 18 Mich. 75; Gunn v. Bowers, 126 Pa. 552, 17 Atl. 893; Owen v. Owen, 9 Kan. 92; Chandler v. Dye, 37 Kan. 765, 15 Pac. 925.

Another reason for sustaining the ruling of the trial court is that this court will

require a much stronger showing to set aside a judgment granting a new trial than to reverse a judgment denying a new trial. The granting a new trial is so much within the discretion of the trial court that the Supreme Court will not reverse such an order unless error is clearly established in respect to some pure, simple, and unmixed question of law, and unless it can be seen that the trial court has manifestly and materially erred with respect to such question, and that except for such error a new trial would not have been granted. Hogan v. Bailey, 23 Okla. 15, 110 Pac. 890; Osage Mer. Co. v. Harris, 52 Okla. 78, 152 Pac. 408; Pinkston v. Marlow, 58 Okla. 280, 159 Pac. 488; Cunningham v. Cromley, 54 Okla. 266, 153 Pac. 860; M., K. & T. R. Co. v. James, 61 Okla. 1, 159 Pac. 1109; Brown v. Goulding, 55 Okla. 320, 155 Pac. 559; Crouch v. Crouch, 59 Okla. 181, 158 Pac. 573; St. Paul Fire & Marine Ins. Co. v. Peck, 59 Okla. 195, 158 Pac. 595.

And inasmuch as the evidence is not before us and inasmuch as plaintiff in error has not presented the exceptions to the report of the referee nor the motion for a new trial, we are unable to determine from the record submitted whether an error of this character has been committed by the trial court.

Six months after the report of the referee had been filed and at the time the court rendered its decision granting a new trial and after exceptions to the referee's report and the motion for new trial had been sustained, the plaintiff in error moved orally to have the case re-referred to the same referee for more specific findings, and the denial of this motion is assigned as error. The court committed no error in refusing the same. Such motion, if made in due time, was addressed solely to the discretion of the court, and exceptions to the denial thereof would not lie. This is the rule uniformly followed by the Supreme Court of Massachusetts (Tobin v. Kells, 207 Mass. 304, 93 N. E. 596; White v. Hale, 208 Mass. 94, 94 N. E. 259), and had also been declared in the following cases: Roy v. O'Neill, 168 Ala. 354, 52 South. 946; Farmers' Bank & Trust Co. v. Southern Granite Co., 96 S. C. 106, 79 S. E. 985; Pape v. People, 19 Ill. App. 24.

The judgment is affirmed.

All the Justices concur, except KANE, J., absent.