### GIBSON et ux. v. VAN LEUVEN.

No. 19844. Opinion Filed Feb. 17, 1931.

218

Rainey, Flynn, Green & Anderson, for plaintiffs in error.

B. B. Blakeney and Kathryn Van Leuven, for defendant in error.

KORNEGAY, J. In this case the defendant in error sued the plaintiffs in error for damages to her automobile, occasioned by a collision that occurred at the intersection of the paved road leading from Oklahoma City to Norman with the county road between Oklahoma and Cleveland counties.

There was damage to the automobile of the plaintiff of considerable amount and also to that of the defendants in considerable amount. The pleadings are set out in the case-made, and in the answer is a counterclaim on behalf of both of plaintiffs in error against the present defendant in error, and there is a reply of the defendant in error to the answer.

Trial was had before a jury, and the jury returned a general verdict against Kathryn Van Leuven, plaintiff below, and in favor of J. J. Gibson, one of the defendants below, on the counterclaim. The verdict called for the recovery by J. J. Gibson of Kathryn Van Leuven on his cross-petition of the sum of $1. It was received and an order was made to file and record the verdict, and to enter judgment accordingly.

Within three days, the plaintiff below, defendant here, Kathryn Van Leuven, filed a motion for a new trial on the grounds that the verdict was contrary to law, and was not supported by the evidence, and for errors occurring at the trial duly excepted to, and for misconduct of the jury in erroneously returning a verdict which was wholly unsupported by the evidence and was a compromised verdict and illegal and unauthorized.

There was further ground set up, to the effect that the court erred in striking out certain evidence as to a conversation between the drivers of the respective cars right after the accident. Further ground was that the court erred in admitting over the plaintiff's objection a statement of Kermit Van Leuven, as being hearsay and incompetent.

There was further ground that the jury erred in the assessment of amount of recovery.

The motion for new trial was submitted to the court on the 30th day of March, 1928, and taken under advisement by the court until the 31st day of May, 1928. The journal entry sustaining motion for a new trial is as follows:

"In the District Court of Oklahoma County, State of Oklahoma.

"Kathryn Van Leuven, Plaintiff, v. J. J. Gibson and Mrs. J. J. Gibson, Defendants. No. 51662. Journal Entry Sustaining Motion for New Trial.

"Now, on this 30th day of March, 1928, this cause came on to be heard upon the motion of the plaintiff for a new trial, the plaintiff appearing by her attorneys, Blakeney & Ambrister, by B. B. Blakeney, and the defendants appearing by their attorneys, Rainey, Flynn, Green & Anderson, by M. M. Gibbens; and the court having heard the argument of counsel took the motion under advisement.

"And thereafter on the 31st day of May, 1928, the court having considered the argument of counsel, and being fully advised in the premises, finds that the motion for a new trial of the plaintiff should be sustained upon the sole ground that the jury erred in the amount of the assessment of defendant's recovery, same being only for $1.00 and costs, whereas the evidence of the defendants authorized a larger amount, in the event the issues were found in favor of the defendants. The court finds no other error in the trial of this case and further finds that there is no other ground in plaintiff's motion for a new trial that would warrant the court in granting a new trial to the plaintiff.

"It Is Therefore by the Court Considered, Ordered and Adjudged that the motion of the plaintiff for a new trial be and the same is hereby sustained upon the aforesaid ground, to which ruling of the court the defendants then and there excepted and gave notice in open court of their intention to appeal to the Supreme Court of the State of Oklahoma. * * *

"Dated this 31st day of May, 1928.
"Sam Hooker, Judge."

We have examined all the pleadings and the evidence and the instructions of the court, and reviewed the cases cited. There was very little conflict between the parties as to where the accident occurred, and the circumstances of the accident. It is clear

from the evidence that the car belonging to the plaintiff in error was on the north side of the county line road, and was headed northeast when it entered the paved road along which the car of the defendant in error was being driven south, and that the car of defendant below was driven northeast across the northwest part of the intersection and to the north of the center of the intersection. It is further clear that no warning was given by the driver of the car belonging to the defendant below of its approach and entry on the pavement in this manner, and that it started on the south side of an obstruction that would have obstructed the view of the car coming from the north, with which the collision occurred.

There is some conflict in the evidence as to just what was done after the car of the plaintiff in error got on to the west side of the highway, over which the car of the defendant in error was being driven. Outside of the happening of the accident there was little, if any, evidence of any negligent acts on the part of the driver of the car that was coming south on the highway, and we do not think that the evidence of culpable negligence on the part of the driver of the south bound car was sufficient to sustain the verdict.

We further think that the jury, in returning the verdict it did return, disregarded the instructions of the court below. We think the remarks of this court in the case of James, Adm'r, v. Coleman et al., decided June 19, 1917, in case No. 5940, reported in 64 Okla. 99, 166 Pac. 210, are applicable:

"The trial court could not, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review of the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon such appeal to a consideration of the reasons stated. Upon an appeal from such an order, the court will review the entire record, and if the order was properly made, even though a wrong reason was given therefor, the same will be sustained."

The rule as to the duty of the appellate court on appeals from orders granting new trials has been laid down in the case of St. Louis & San Francisco Ry. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479, as follows:

"The discretion of the trial court in granting a new trial is so broad, that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its views of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

In the case of Conservative Loan Co. v. Saulsbury, 75 Okla. 194, 182 Pac. 685, as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law."

In the case of Tiger v. McCallom, 89 Okla. 249, 214 Pac. 194, as follows:

"Ordinarily the Supreme Court will not review the action of the trial court in exercising its discretionary power in granting a new trial; yet this court may reverse such order where the record shows clearly that the court has erred in its views on an unmixed question of law that is decisive of the case."

In the case of Thomas v. Nickel, 105 Okla. 181, 229 Pac. 202, as follows:

"The granting of a new trial being so much within the discretion of the trial court, the Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial, but when the trial court manifestly and materially erred with respect to some pure, simple, and unmixed question of law, such order granting a new trial should be reversed.

"Where the trial court sustains a motion for a new trial solely upon the grounds that the court omitted to give a certain instruction of its own motion, such instruction not being requested by either plaintiff or defendant, and upon examination of such omitted instruction the giving of same would not have been warranted by the evidence, held, the granting of a new trial upon such grounds is reversible error."

This is from the Commissioner's opinion, but the court on rehearing made the following order:

"Per Curiam. The opinion of the court, as written by the Commissioner, is hereby modified as follows: The judgment of the lower court, granting a new trial to the defendants in the court below, is hereby reversed and set aside, and the cause is remanded to the lower court with instructions that, consistent with the law as announced in this opinion, it shall reconsider and again determine the merits of the motion for new trial filed by the defendants in the court below."

Therefore, the action of the lower court in sustaining the motion for a new trial is affirmed.

LESTER, C. J., and HEFNER, SWINDALL, CULLISON, McNEILL, and ANDREWS, JJ., concur. CLARK, V. C. J., and RILEY, J., not participating.

Note.—See under (3) 20 R. C. L. p. 227 et seq.; R. C. L. Perm. Supp. p. 4863; R. C. L. Continuing Perm. Supp. p. 824.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481.