## HAMEL v. HAMEL.

No. 25612.   April 6, 1937.

J. C. Helms, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, Donald L. Brown, and E. M. Calkin, for defendant in error.

WELCH, J. It is sought to reverse the action of the trial court in granting a new trial. The parties appear here as they appeared below, and will be referred to as plaintiff and defendant.

Plaintiff sued to recover the sum of $15,000, the alleged value of certain corporate stock which it is alleged the defendant agreed to deliver under the terms of a written contract. It was alleged that this contract provided that in consideration of plaintiff's doing and performing certain acts and things as provided by the contract, the defendant, as owner of the stock in question, would, after he received $25,000 and 6% interest as dividends on said stock, then transfer one-third of said stock to the plaintiff. Plaintiff alleged full performance of the contract on his part, and alleged that the defendant failed, neglected, and refused to deliver to him the portion of the stock as provided in the contract, and that said defendant sought to avoid the obligations of the contract. The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $8,333.33. The defendant filed a motion for new trial, alleging 24 separate grounds therefor.

The trial court granted a new trial upon such motion, the order of the court reciting

that such motion is granted for the reason that the verdict of the jury is excessive.

Plaintiff's entire brief is devoted to an effort to show that the verdict of the jury was not excessive, and that the order granting a new trial by reason of an excessive verdict is reversible error. The defendant calls our attention to his motion for a new trial and discusses numerous reasons why his motion should have been sustained.

In Gibson et ux. v. Van Leuven, 147 Okla. 217, 296 P. 412, in paragraphs 1, 2, and 3 of the syllabus it is held:

"Where a case is tried by jury, and a general verdict rendered, and the trial court sets the verdict aside, and grants a new trial, and proceedings in error are brought to review the action of the court in granting the new trial, this court will review the entire record, and sustain the order whenever the matters shown in the record warrant the making of the order, even though the lower court assigns a wrong reason for making the order.

" 'The trial court could not, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review of the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon such appeal to a consideration of the reasons stated. Upon an appeal from such an order, the court will review the entire record, and if the order was properly made, even though a wrong reason was given therefor, the same will be sustained.' James v. Coleman, 64 Ok'a. 99, 166 P. 210.

" 'The granting of a new trial rests so much in the discretion of the trial court that the Supreme Court will not reverse such an order unless it is made to clearly appear that the trial court has erred in respect to some pure, simple, and unmixed question of law, and unless it can be seen that, but for such error, a new trial would not have been granted.' James v. Coleman, 64 Okla. 99, 166 P. 210."

It is thus seen that we must consider the entire record as presented in the briefs, and affirm the new trial order unless it clearly appears that the trial court has erred in respect to some pure, simple, and unmixed question of law. And in such consideration of the record we must observe the rules announced in KKK Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496, wherein it is held in paragraphs 1 and 2 of the syllabus as follows:

"The judge who presides at the trial of a case, hears the testimony as it falls from the lips of the witnesses, observes their demeanor on the stand, and has full knowledge of all the proceedings had and done during the progress of the trial, is in a better position to know whether or not substantial justice has been done than any other person can be. Where such judge on presentation of a motion for a new trial sustains such motion, it will require a clear showing of manifest error and abuse of discretion before an appellate court would be justified in reversing such ruling of the trial court.

"A motion for a new trial is addressed to the sound, legal discretion of the trial court, and where the trial judge who presided at the trial of the case sustains such motion, every presumption will be indulged that such ruling is correct."

It is quite apparent from the rules announced in the cited cases, as well as many other decisions of this court, that the rule has long been established in this jurisdiction that the granting of a new trial by the trial judge who has previously heard the entire cause will generally be upheld, except where such action is clearly arbitrary, and in case of substantial doubt, the presumption in favor of the trial court's action will prevail.

We have examined this case carefully, and observe that the evidence permitted to go to the jury on the question of whether the defendant had received the sum of $25,000 with 6 per cent. interest as dividends on his stock, as provided by the contract, was conflicting, confusing, and in many instances most unsatisfactory. The record shows that in his effort to prove the amount of dividends which the defendant had received on his stock, plaintiff testified concerning the total net profits made by the corporations. It would appear that under the issues such testimony may not have been entirely competent in the absence of a specific showing that such profits had been distributed to the stockholders as dividends. We do not assume here to pass upon the admissibility of such testimony, and it is not necessary or proper that we do so. It may have been that the trial court was of the opinion that such evidence and other evidence introduced over defendant's objections influenced the jury to the defendant's prejudice. Certainly we are unable to say from the record that the same clearly shows otherwise. Certain instructions were given which were not wholly clear in advising the jury as to the law under the issues and the evidence. Numerous remarks were made by the trial judge during the trial, which may have had some bearing on the verdict

of the jury, and which the trial court in granting a new trial may have concluded did improperly influence the jury. We are not prepared to say from this record that such a conclusion would have been error.

A great amount of the testimony at the trial went to the question of whether or not the defendant had actually received $25,000, with interest, as dividends on this stock in question. Plaintiff's testimony tended to show that that amount had been received, while the defendant's testimony tended to show that some $12,000 less than that amount had been received. Plaintiff contends here that the defendant's own evidence and admissions show the receipt of some $18,000, and that under the defendant's own evidence plaintiff would be entitled to judgment for something over $6,000, or one-third thereof. This does not appear to be the theory upon which plaintiff's cause of action was instituted, nor the theory upon which it was tried. The action was brought and tried upon the theory that the full $25,000, with interest, had actually been received by the defendant in accordance with the terms of the contract, and it is doubtful whether the verdict could be sustained upon any other theory under the instructions and the evidence, and it is readily apparent from the record that there is grave doubt that the plaintiff proved by satisfactory and competent evidence that the defendant had received the full amount as provided by contract.

We find no error in the apparent conclusion of the trial court that the ends of justice would be better served by granting a new trial, and the court's action in that regard is affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.